■ Molot, Inc., Appellant, v. Commonwealth Insurance Company of New York et al., Respondents.— Judgment unanimously modified on the law to the extent of deleting the second, fourth and fifth decretal paragraphs and remanding the matter for a new trial only on the question of the amount of the damages to be awarded the plaintiff, with costs to the appellant. There having been no appeal taken by either party from that portion of the judgment which set aside the appraisal and award made under the terms of the insurance policy, it must be permitted to stand. However, the award with respect to damages must be set aside because there was no proper proof of damage. The "actual cash value" of the property at the time of the loss is the standard which must be used under the terms of the policy in order to determine the amount for which the defendants may be held liable. Replacement cost in and of itself is no proof of "cash value". Nor is the cost of the furs sufficient to establish the actual "cash value" of the furs. In view of the fact that the merchandise damaged was retained and disposed of by the plaintiff, the amount for which the defendants may be held liable is the difference between the "actual cash value" of the property at the time just preceding the fire and the market value immediately after the fire. We have no proof as to either of these items. The price obtained when the goods were sold at auction — some 15 months after the fire — does not represent the market value thereof immediately after the fire. Settle order. Appeal [from order denying plaintiff's motion for new trial] dismissed, without costs. Settle order. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.