147 So.2d 575 (1962)
WORCESTER MUTUAL FIRE INSURANCE COMPANY and Security Mutual Liability Insurance Company, Appellants,
v.
William L. EISENBERG, Appellee.
No. 62-188.
District Court of Appeal of Florida. Third District.
December 20, 1962.
Lane, Primm, Lane & Carrier and George J. Baya, Miami, for appellants.
Welsh, Cornell, Pyszka & Carlton and Sam Daniels, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
PEARSON, TILLMAN, Chief Judge.
The appellants, insurance companies, were defendants in the trial court to an action upon fire and extended coverage policies. Both companies denied coverage claiming that there was no liability because an exclusion in the policies prevented recovery for damage caused by wave-wash. At the conclusion of a jury trial, verdicts were entered against the defendants. This appeal is from a final judgment based on these verdicts.
The appellants present four points on appeal. The first two points in effect question the sufficiency of the evidence as to the actual cash value of the property destroyed. *576 The plaintiff testified to a complete inventory made ten days prior to the loss, which reflected the wholesale cost of each item on the inventory. At the close of plaintiff's case, the defendants moved for a directed verdict upon other grounds without questioning the sufficiency of the evidence as to actual cash value.
Both insurance policies involved in this cause insured the contents of appellee's men's clothing store "* * * to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss * * *." to a maximum of $5,000 under each policy. Our research discloses that this is the usual provision in policies of this type.
In order to establish to what extent an insurer is liable where "actual cash value" is the yardstick used to determine damages, it is necessary to determine what criteria is to be used to define this phrase. In New York Central Mutual Fire Ins. Co. v. Diaks, Fla. 1954, 69 So.2d 786, the Supreme Court indicates that in these matters Florida will adhere to the so-called "Broad Evidence Rule." Under this rule, any evidence logically tending to establish a correct estimate of the value of the damaged or destroyed property may be considered by the trier of facts to determine "actual cash value" at the time of loss. Where, as in this case, evidence of the wholesale cost of the destroyed merchandise is presented, it constitutes relevant evidence of actual cash value. Therefore, we think the trial judge correctly denied appellants' motion for new trial made on the ground that there was no evidence of actual cash value.
Appellants' remaining points urge that the trial court should have apportioned the costs and attorneys' fees assessed against them and that the attorneys' fees were excessive. As to the apportionment of the costs and fees, it does not appear in the record that appellants at any time requested an apportionment or even suggested that they wanted such an apportionment until appellate proceedings were instituted. Thus, this point is without merit since it is a well recognized principle of appellate practice that an objection may not be raised for the first time in appellate court upon matters which are not jurisdictional. See Condrey v. Condrey, Fla. 1957, 92 So.2d 423.
The last point directed to the amount of the attorneys' fees cannot be considered inasmuch as appellants have not brought us the record of testimony upon which this portion of the judgment was based. Greene v. Hoiriis, Fla.App. 1958, 103 So.2d 226.
Affirmed.