■ SARAH M. INCARDONA, Appellant, v HOME INDEMNITY COMPANY, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: The trial court correctly dismissed plaintiff Sarah Incardona's cause of action to recover on a policy of fire insurance for loss to a building for failure of proof as to the extent of the loss. On August 5, 1974 plaintiff purchased property located at 528 West Utica Street in Buffalo for $35,000 ($15,000 for the building and $20,000 for the contents). The property was insured by defendant for $100,000 ($65,000 for the building and $35,000 for the contents). On July 21, 1975 a fire damaged the building and its contents. Plaintiff's complaint alleges that the actual cash value of the loss to the building and contents was in excess of the maximum policy coverage. Plaintiff's proof, as to damages to the building, consisted solely of the cost of repairing the building. The standard New York fire insurance policy provides that the amount recoverable is "the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss" (Insurance Law, § 168, subd 5). The purpose of an action on a fire insurance policy is to attempt to put the insured in as good a position as he would have been had no fire occurred, by awarding him the actual cash value of the property lost or damaged. Actual cash value (ascertained with proper deductions for depreciation) means actual value expressed in terms of money *(Sebring v Firemen's Ins. Co. of Newark,* 227 App Div 103). While reproduction cost less depreciation is

competent evidence of actual cash value in a fire loss *(Kramnicz v First Nat. Bank of Greene,* 32 AD2d 1009, 1010), it is error to instruct the jury that reproduction cost less depreciation is the sole measure of actual cash value. The general rule in New York is that the trier of facts "may consider original cost and cost of reproduction; the opinions upon value given by qualified witnesses; the declarations against interest which may have been made by the assured; the gainful uses to which the buildings might have been put; as well as any other fact reasonably tending to throw light upon the subject" *(McAnarney v Newark Fire Ins. Co.,* 247 NY 176, 184; see 31 NY Jur, Insurance, § 1384 *et seq.;* 15 Couch, Insurance 2d, § 54.139 *et seq.).* Replacement cost or cost of repair standing alone is not sufficient proof of actual cash value. The amount for which the insurer may be held liable is the difference between the actual cash value of the property at the time just preceding the fire and the market value immediately after the fire *(Molot, Inc. v Commonwealth Ins. Co. of N. Y.,* 10 AD2d 683). The clause "not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality" as found in the standard New York fire insurance policy, affords no remedy to the insured. Rather, that clause merely expresses a privilege granted to the insurer to pay the lesser of actual cash value or cost of repair *(McAnarney v Newark Fire Ins. Co.,* 247 NY 176, 183, *supra).* In this partial loss case plaintiff, by presenting evidence only of cost of repair, failed to submit sufficient evidence of "actual cash value" and the trial court properly dismissed that part of its claim relating to damage to the building. By its verdict, the jury concluded that plaintiff's second cause for loss of the contents of the insured building was not established. In its answer the defendant insurance company had raised arson as an affirmative defense. We should not disturb the jury verdict unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence *(Meizlik v Benderson Dev. Co.,* 51 AD2d 676, app dsmd 41 NY2d 1009; *Abdoo v Wentworth,* 49 AD2d 1002; *Lee v Lesniak,* 40 AD2d 756). The record before us contains ample evidence to support the jury's verdict. (Appeal from judgment of Erie Supreme Court—fire insurance policy.) Present—Marsh, P. J., Cardamone, Dillon and Witmer, JJ.