■ RODOLITZ REALTY CORP., Appellant, v COSMOPOLITAN MUTUAL INSURANCE COMPANY, Respondent.—Judgment, Supreme Court, New York County, entered April 20, 1978, in plaintiff's favor, unanimously reversed, on the law, with costs to abide the event, and the matter remanded for a new trial. In its charge the court limited recovery to only those damaged forklifts whose serial numbers were listed in the bill of particulars. Although the bill of particulars' enumeration of the serial numbers of the damaged forklifts matched only one of the lifts damaged in the fire, defendant's own proof showed that all three damaged forklifts were covered by the policy. The motion to conform the pleadings to the proof, as regards the discrepancy in serial numbers, should have been granted, especially since defendant was

neither surprised nor prejudiced. Such amendments may be allowed during or even after trial. (See *Murray v City of New York,* 43 NY2d 400; CPLR 3025, subd [c].) The court also unduly prejudiced plaintiff by repeatedly stressing, in the jury's presence, that plaintiff's tax records reflecting cost price were the "best evidence" of its damages. Cost price is not controlling on the issue of actual cash value. "The 'actual cash value' of the property at the time of the loss is the standard which must be used under the terms of the policy". *(Molot Inc. v Commonwealth Ins. Co. of N. Y.,* 10 AD2d 683.) There was competent evidence of both value at the time of loss and of the cost of repair, two of the criteria for determining recovery under the policy. We cannot conclude that these errors did not contribute to an improper jury evaluation of plaintiff's damages and, thus, a new trial is required. Concur—Kupferman, J. P., Fein, Sandler, Sullivan and Lane, JJ.