■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD S. ZACKSON, Appellant. — Judgment of the County Court, Nassau County (Thorp, J.), rendered July 13, 1981, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J. P., Gibbons, Niehoff and Boyers, JJ., concur.

## (July 12, 1982)

■ FELICE AGOSTINO, Appellant, v HOLYOKE MUTUAL INSURANCE COMPANY Respondent. — In an action to recover proceeds allegedly due under a policy of fire insurance, plaintiff appeals from a judgment of the Supreme Court, Queens County (Hyman, J.), entered July 1, 1981, which is in favor of defendant upon the trial court's dismissal of the complaint at the close of the plaintiff's case at a jury trial. Judgment affirmed, with costs. In a case such as this, which involves a partial fire loss, it is well established that the liability of the insurer will be "the difference between the actual cash value of the property * * * just preceding the fire and the market value immediately after the fire". (*Incardona v Home Ind. Co.,* 60 AD2d 749, 750; *Molot, Inc. v Commonwealth Ins. Co. of N. Y.,* 10 AD2d 683.) Plaintiff submitted proof as to the prefire value of the premises. However, the only evidence that plaintiff offered with respect to the postfire market value of the premises and its contents was the cost of repair and replacement, which is insufficient as a matter of law. (See *Incardona v Home Ind. Co., supra.*) Trial Term therefore properly dismissed the complaint after plaintiff rested his case. Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.