STANLEY WINNICK, SR., Respondent, v EQUITABLE LIFE ASSUR-
ANCE SOCIETY OF THE UNITED STATES et al., Appellants.

Third Department, October 31, 1985

### APPEARANCES OF COUNSEL

*Werner Weinstock* (*Michael W. Brody* of counsel), for appel-
lants.

*Smyk & Smyk* (*Stephen D. Smyk* of counsel), for respondent.

### OPINION OF THE COURT

HARVEY, J.

Francis E. Jastremsky died on November 28, 1981 from inju-
ries resulting from an accident. At that time, plaintiff was the
owner and beneficiary of a term life insurance policy which
insured decedent's life. Plaintiff demanded payment of $200,000
in death benefits as provided by the policy for accidental death.
Defendant Equitable Life Assurance Society of the United
States (hereinafter defendant) refused payment, denying the
existence of the policy and affirmatively alleging a material
misrepresentation on the application for the policy. This action
was commenced, a trial was had and the jury determined that a

valid policy existed at the time of the death and disallowed the affirmative defense of material misrepresentation. Defendant appeals only as to the issue of material misrepresentation, contending that the trial court erred in refusing to direct a verdict in its favor on that issue as a matter of law.

The portion of the application in dispute was that which followed the instruction to "list all current occupations, give titles and duties". The application which was signed by both plaintiff and decedent answered the interrogatory by stating "vice president, secretary and lumber grader". The application did not identify the type of business or activities of the employer. At trial, defendant introduced evidence indicating that decedent participated at least to some extent in actual timbering activities, including the cutting of trees and loading of logs.

It has been held that failure to disclose a material fact is a misrepresentation (*Massachusetts Mut. Life. Ins. Co. v Tate,* 56 AD2d 173, 176, *revd on other grounds* 42 NY2d 1046). The question of whether a policy may be avoided for misrepresentation of a material fact was controlled by Insurance Law former § 149 and now controlled by Insurance Law § 3105. The new section makes no significant change and describes the nature of a misrepresentation which is actionable by an insurer. "No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract" (Insurance Law § 3105 [b]).

The only evidence introduced at trial to support the contention that the misrepresentation was material was the testimony of one of a number of underwriters employed by defendant to review policy applications which originated in the geographic area in question. He testified that had he known that decedent actively participated in timbering activities, he would have disapproved the issuance of the policy. There was no documentary evidence introduced tending to prove a business practice of defendant supportive of the witness' testimony. An underwriters' manual was referred to. However, it was not a publication of company standards and practices. Neither did it indicate that the subject risk should not be insured.

The principal issue to be determined on appeal is whether the trial court erred in refusing to direct a verdict in favor of defendant on the issue of material misrepresentation. The law in that regard is succinctly stated by the Court of Appeals in two

recent cases, in which the court stated that "to hold that there is insufficient evidence to support a verdict is to find 'that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial'" (*Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 46 NY2d 528, 532, quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499). In this instance, the burden of proof was upon defendant to establish material misrepresentation. Defendant's proof, in its entirety, consisted of the testimony of an underwriter which was previously described herein. A jury having the right and the responsibility to determine the credibility of evidence could properly have made the determination that the underwriter's conclusion, unsupported by any other evidence, failed to satisfy defendant's burden of proof (*DiPippo v Prudential Ins. Co.*, 88 AD2d 631).

The jury had the further right to consider the circumstances of the various weekly calls made upon plaintiff and decedent by two authorized agents of defendant on a regular basis over a considerable period of time. These calls were made not only at the principal office of the company owned by decedent and plaintiff, but at sites where their timbering activities were being carried on. The jury may have logically inferred from the number of visits that the agents became acquainted with the fact that the activities of the company were performed for the most part by the two owners and two close relatives.

It is undisputed that the application for the policy on the life of decedent was completed by an agent of defendant. He verbally made inquiry of decedent and filled in the blank spaces on the form. In his testimony, he was neither asked, nor did he volunteer to inform the trial court and jury as to any questions he asked of decedent and any answers given to him by decedent. The jury could have made the determination, based upon this failure to divulge, that the agents made no inquiry of such a nature as to indicate a company practice not to insure people involved in the cutting of trees and the loading of logs. In considering the evidence introduced, we conclude that the trial court did not err in refusing to direct a verdict in favor of defendant on the issue of material misrepresentation and that there was sufficient evidence to support the jury's determination. In an appellate review of the evidence introduced at trial, this court must, under the circumstances of this case, consider the proof and the inferences drawn therefrom in a light most favorable to the nonmoving party (*Van Syckle v Powers*, 106 AD2d 711, 713).

We have considered the other contentions of defendant and have found them to be without merit.

MAIN, J. P., WEISS, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment affirmed, with costs.