■ CHARLES GUMBS, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.—In an action, *inter alia,* to recover damages for breach of a fire insurance policy, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Kelly, J.), entered February 21, 1984, which, upon granting the defendant's motion for judgment during trial pursuant to CPLR 4401, made upon the close of the plaintiff's evidence, dismissed the complaint on the merits.

Judgment reversed, on the law, with costs, motion for judgment during trial denied and a new trial granted.

To establish the extent of alleged fire-inflicted partial damage to the subject property, the plaintiff initially presented the testimony of Kenneth Engelhardt, a fire damage appraiser. Engelhardt testified that he found the building damaged to the extent of $39,508. He explained that this was the cost to repair the damage from the fire of July 10, 1981.

After plaintiff testified and rested, defendant moved to dismiss the complaint "based on the fact that the Plaintiff has not established a prima facie case as a matter of law on the question of damages". In support of this motion defendant cited *Incardona v Home Indem. Co.* (60 AD2d 749) and *Agostino v Holyoke Mut. Ins. Co.* (89 AD2d 573). In *Agostino (supra),* this court, in affirming a judgment dismissing the complaint at the close of plaintiff's case at a jury trial, held: "In a case as this, which involves a partial fire loss, it is well established that the liability of the insurer will be 'the difference between the actual cash value of the property * * * just preceding the fire and the market value immediately after the fire'. *(Incardona v Home Ind. Co.,* 60 AD2d 749, 750; *Molot, Inc. v Commonwealth Ins. Co. of N. Y.,* 10 AD2d 683.) Plaintiff submitted proof as to the prefire value of the premises. However, the only evidence that plaintiff offered with respect to the postfire market value of the premises and its contents was the cost of repair and replacement, which is insufficient as a matter of law. (See *Incardona v Home Ind. Co., supra.)* Trial Term therefore properly dismissed the complaint after plaintiff rested his case".

At bar, after the court reserved decision, plaintiff moved to reopen. The court then stated that "[a]t this time" it would deny defendant's motion and give plaintiff leave to reopen.

After an adjournment, the plaintiff presented the testimony of Sanford Brunswick, an experienced real estate appraiser who had been in that business since 1950. Brunswick testified that prior to the fire he had seen the house but not the inside of it. He did inspect the inside after the fire but this was on the Friday and Saturday prior to his August 29, 1983 trial testimony. He testified that based upon three specified comparable improved sales, the value of the subject property as of July 10, 1981, prior to the fire, was $60,000, which he broke down as $5,000 for the land and $55,000 for the improvements. Brunswick testified that the value immediately *after* the fire was $20,000, which he broke down as $5,000 for the plot and $15,000 for the improvements.

Plaintiff again rested and defendant again moved for judgment during trial as a matter of law dismissing the complaint (*see,* CPLR 4401). The trial court then granted the motion. In its oral decision the court stated: "The plaintiff submitted proof as to the pre-fire value of the premises, however, the only evidence with respect to the immediate post-fire value of the premises was the cost of repair and replacement, which is insufficient as a matter of law".

The court later issued a written decision stating, *inter alia:*

"It was held in *Incardona* v. *Home Ind. Co., supra,* and later in *Agostino* v. *Holyoke Mut. Ins. Co., supra,* that mere evidence of the cost of repair and replacement of damaged property in such a situation as is the subject matter of this lawsuit is insufficient to establish the post-fire market value of a partially fire damaged premises and as such is insufficient as a matter of law.

"Therefore, for the above-stated reasons, the plaintiff has failed to sustain his burden of proof based on the controlling case law of the Appellate Division, Second Department, thereby not presenting a prima facie case before this Court herein".

The trial court's decision to dismiss was based upon too narrow a view of the evidence. Plaintiff presented more than Engelhardt's cost-of-repair evidence, since after Engelhardt's testimony, the expert appraiser Brunswick gave his before-and-after-valuation testimony.

CPLR 4515 provides that an expert witness "may state his opinion and reasons without first specifying the data upon

which it is based. Upon cross-examination, he may be required to specify the data and other criteria supporting the opinion". At bar, Brunswick gave his before-and-after-valuation opinions and also supported his testimony with the fact that prior to and after the fire he had seen the property, that to value it he had compared it with specified comparable sales of improved property in the immediate neighborhood, and that he had been appraising since 1950.

Although it might be argued that Brunswick had simply again trotted out to Engelhardt's $39,508 cost-of-repair figure but now presented it in the clothing of before-and-after valuations ($60,000 prefire value minus $20,000 postfire value equals $40,000; $55,000 prefire building value less $15,000 postfire building value equals $40,000), that his comparables and prefire and postfire valuations were subject to criticism, and that he had not viewed the interior of the subject house prior to the fire, those are matters affecting the weight and credibility of Brunswick's evidence, not its legal sufficiency. As the Appellate Division, Third Department, held in *Le May v Frankel* (80 AD2d 665): "At the conclusion of the evidence, the court directed a verdict for defendant pursuant to CPLR 4401 on the ground that plaintiff failed to sustain her burden of proving her cause of action. The court opined that plaintiff's evidence 'would constitute a gift with a somewhat vague promise * * * to make repayment sometime in the future.' Plaintiff contends on appeal that Trial Term incorrectly directed a verdict in favor of the defendant. We agree. A motion pursuant to CPLR 4401 can be granted only if the movant is entitled to it as a matter of law. The test to be used is 'whether the trial court could find that by no rational process could the fact trier base a finding in favor of the party moved against upon the evidence presented [citation omitted]' *(Aetna Cas. & Sur. Co. v Garrett,* 37 AD2d 750, 751). Plaintiff was thus entitled to every inference which could properly be drawn from the facts presented and the facts must be considered in a light most favorable to plaintiff * * * It was not the court's function to weigh the evidence on such a motion, nor may the court direct a verdict because it would set aside a contrary verdict as against the weight of the evidence (see *Newland v Juneau,* 62 AD2d 1125, 1126)".

Proper application of the pertinent procedural principles and substantive law *(see, Incardona v Home Indem. Co.,* 60 AD2d 749, *supra; Agostino v Holyoke Mut. Ins. Co.,* 89 AD2d 573, *supra; McAnarney v Newark Fire Ins. Co.,* 247 NY 176, 184) required that defendant's motion be denied. Accordingly,

the judgment under review is reversed, defendant's motion is denied and a new trial is granted. Weinstein, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.