■ DONALD R. PETERS, Appellant-Respondent, v DAVID NEWMAN, Respondent-Appellant.—Levine, J. Cross appeals from a judgment of the Supreme Court, entered December 12, 1984 in Sullivan County, upon a verdict rendered at Trial Term (Williams, J.), which (1) awarded plaintiff $9,734.50 in damages for breach of contract and $1,708.33 for negligence, and (2) awarded defendant $181.88 for damages to his equipment and $13,333.33 in punitive damages for assault and intentional infliction of emotional distress.

Defendant and plaintiff entered into a contract in February of 1980 whereby defendant was to have the exclusive right to harvest timber for a period of eight months on a parcel of plaintiff's land. Four months later, on June 10, 1980, defendant terminated all such logging operations. Thereafter, on June 13, 1980, defendant went to plaintiff's property to remove his equipment, but it had been damaged and was inoperable. On the following day, he returned with a Deputy Sheriff to assist him in retrieving the equipment. At that time, an altercation took place between plaintiff and defendant. That evening, plaintiff allegedly went to defendant's home and harassed defendant and his wife.

Plaintiff commenced an action based on breach of contract, negligent infliction of property damage which occurred during the course of the logging operation, and trespass arising out of defendant's entry onto the land to get the equipment. Defendant counterclaimed for damages to the equipment and for trespass, assault and intentional infliction of emotional distress. The jury made specific awards to plaintiff for $9,734.50 on the breach of contract action and $1,708.33 for the negli-

gence claim. Defendant was awarded $181.88 for damages to his equipment and $13,333.33 in punitive damages for assault and intentional infliction of emotional distress.

On appeal, plaintiff claims that reversal is required because the jury rendered an improper quotient verdict, as evidenced by the foreman's statement that the damage figures determined by each juror were added and then divided by six to decide on the size of the awards. However, the jurors did not dispense "with collective discussion, deliberation and reasoning" (Manshul Constr. Corp. v Dormitory Auth., 111 Misc 2d 209, 215, affd 88 AD2d 794). The record reveals that they collectively discussed the resultant figures after their computations and recomputed the awards if they did not agree upon the sums arrived at. Thus, they did not render an improper quotient verdict (id.).

We are similarly unpersuaded that there was any infirmity in the award of punitive damages to defendant for the alleged assault and intentional infliction of emotional distress. The jury was properly charged that punitive damages were only recoverable if those harms were intentionally, maliciously and willfully inflicted, and there was evidence to support the jury's finding that plaintiff's collective course of conduct was malicious, willful and intentional. Since punitive damages constitute an element of the single total claim for damages (Knibbs v Wagner, 14 AD2d 987), the trial court was not required to charge it separately on each claim, nor was it necessary for the jury to relate it to specific claims.

Regarding the parties' opposing contentions that the verdicts were against the weight of the evidence, there was credible testimony on each claim to support the verdict rendered. The verdict may not be overturned since it cannot be said that there was no "valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury" (Cohen v Hallmark Cards, 45 NY2d 493, 499; see also, Sherman v Smith, 23 AD2d 642, 643, appeal dismissed 17 NY2d 547; Marton v McCasland, 16 AD2d 781, 782).

The only other point raised meriting discussion is plaintiff's claim that, as a matter of law, the terms of the contract were unambiguous and that a verdict on his breach of contract cause of action should have been directed in his favor in the sum of $47,180. The contract provided that plaintiff was to receive the greater of either 60% of defendant's gross mill receipts from the sale of the lumber or a flat $60,000. Between February and June of 1980, plaintiff received only $12,820.

However, the contract provided for a reduction in payments due to weather conditions and equipment failure. Since defendant adduced evidence that he experienced work stoppages due to such causes, again an issue of fact as to the actual amount due under the contract was presented for the jury.

Judgment affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.