Victor BARRETT and Jeanette Barrett, his wife, Plaintiffs Appellants,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant Appellee.

No. 85–5076.

United States Court of Appeals, Eleventh Circuit.

June 2, 1986.

Nancy Little Hoffmann, Ft. Lauderdale, Fla., for plaintiffs-appellants.

Wilson & Sawyer, P.A., Daniel F. Pilka, Tampa, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, FAY, Circuit Judge, and PECK *, Senior Circuit Judge.

---

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

JOHN W. PECK, Senior Circuit Judge:

Plaintiffs Victor and Jeanette Barrett appeal the directed verdict entered against them by the district court in this diversity action which arose under a fire insurance contract with defendant Prudential Property and Casualty Insurance Company (hereinafter "Prudential"). The Barretts, as the named insureds, brought this action to recover their loss resulting from a fire which seriously damaged a home they owned and which was insured under the policy; Prudential denied liability. At trial the district court directed a verdict for Prudential, finding that the "choice of law" rules of the forum state, Florida, dictated use of New York substantive law. The court held that as a matter of New York law the Barretts had presented insufficient proof of damages of the "actual cash value" of the house at the time of loss necessary to establish a *prima facie* case of damages for their breach of contract claim. For the reasons stated below, we reverse the district court's decision.

## I

In September 1979 the Barretts, residents of Florida, contracted with Prudential, a New Jersey corporation doing business in Florida, for a fire insurance policy which covered a house owned by them located in Chenango Forks, New York. In pertinent part the policy insured the property "to the extent of the actual cash value of the property at the time of loss ...," which is standard terminology in insurance contracts of this type. The Barretts were the named insureds under the policy, and Mr. Harry Fieldhouse was named as mortgagee. On August 25, 1980, while the policy was in effect, the house (vacant at the time) and its contents were severely damaged by fire. On November 13, 1980, the Barretts filed a proof of loss with Pruden-

tial in the amount of $100,000 for an alleged total loss seeking recovery of $80,-000, the policy limits. On or about November 14, 1980, Mr. Fieldhouse also filed a proof of loss seeking recovery under the policy of $27,346.32, his interest as mortgagee. On January 6, 1981, Prudential paid Fieldhouse $27,346.32. On January 27, 1981, Prudential notified the Barretts of its payment to Fieldhouse. Prudential, however, denied the Barretts' loss claim on the grounds that the policy was void due to the Barretts' alleged intentional concealment or misrepresentation of material facts during Prudential's investigation of the fire and due to the allegedly intentional nature of the fire. The Barretts then filed this action which alleged that Prudential breached the insurance contract by refusing to pay a covered loss upon a properly executed proof of loss.[1]

At jury trial on December 19, 1984, the Barretts provided evidence of their loss. This was comprised of their sworn proof of loss statement to Prudential, a rental agreement leasing the house for $325.00 per month the year preceding the fire; the original purchase price in 1974 of $42,000; and the deposition of a building contractor who one year after the fire estimated a cost of $66,432.00 to restore the house to its pre-fire condition, which cost would have been 8 to 10% less at the time of the fire. Upon Prudential's subsequent motion for a directed verdict, the district court found that determining the actual cash value of the property was an issue of state substantive law concerning the construction of insurance policies. The district court concluded that the substantive law of New York, the place of contracting and the location of the insured property, should apply. The district court then applied New York law, concluding that it required evidence of the difference of the actual cash value of the property just preceding the

---

1. A second count alleged Prudential's bad faith and sought punitive damages arising from Prudential's payment to Fieldhouse and Prudential's alleged failure to obtain and record a valid assignment of the mortgage from Fieldhouse, so as to clarify the Barretts' title to the property. However, summary judgment was granted Prudential as to this count which has not been appealed.

fire and its value immediately after the fire. The district court found that the Barretts had not presented sufficient proof of damages, and directed a verdict for Prudential.

## II

Two issues are presented upon appeal. First, did the district court make the proper choice of law determination? Second, under the applicable law did the Barretts present sufficient evidence of actual cash value of the destroyed property to require submission of the case to the jury? Because we find that New York and Florida follow the same broad evidence rule for determining the actual cash value of destroyed property, and that the district court's conclusion would have been erroneous under either choice of law, we find it unnecessary to determine whether the district court's initial decision to apply New York law was correct.

## III

As noted above, the district court held that New York law required evidence showing the "difference between the actual cash value of the property at the time just preceding the fire and the market value immediately after the fire," *citing Incardona v. Home Indemnity Co.*, 60 A.D.2d 749, 400 N.Y.S.2d 944, 945 (1977). The district court found that the Barretts had not introduced such evidence, and that their only evidence was the contractor's estimate to rebuild the house, which was insufficient under *Incardona* to survive a motion for directed verdict. *Id.* However, *Incardona*, which treats *sufficiency* of evidence, does not attempt to particularize the evidence which is *admissible* to establish actual cash value before and after loss. In *McAnarney v. Newark Fire Ins. Co.*, 247 N.Y. 176, 159 N.E. 902 (1928), which does treat admissibility, the court stated:

> Where insured buildings have been destroyed, the trier of fact may, and should, call to its aid, in order to effectuate complete indemnity, every fact and circumstance which would logically tend

to the formation of a correct estimate of the loss. It may consider original cost and cost of reproduction, the opinions of value given by qualified witnesses, the declaration against interest which may have been made by the assured; the gainful uses to which the buildings may have been put; as well as any other fact reasonably tending to throw light upon the subject. (citations omitted)

*Id.* at 184, 159 N.E. at 905. *See also Gervant v. New England Fire Insurance Co.*, 306 N.Y. 393, 397, 118 N.E.2d 574, 576 (1954).

Florida also follows this broad evidence rule for determining the actual cash value of destroyed property as explained in *Worcester Mutual Fire Insurance Co. v. Eisenberg*, 147 So.2d 575, 576 (Fla.App. 1962):

> In order to establish to what extent an insurer is liable where "actual cash value" is the yardstick used to determine damages, it is necessary to determine what criteria [are] to be used to define this phrase. In *New York Central Mutual Fire Insurance Co. v. Diaks*, 69 So.2d 786 (Fla.1954), the Supreme Court indicates that in these matters Florida will adhere to the so-called "Broad Evidence Rule." Under this rule, any evidence logically tending to establish a correct estimate of the value of the damaged or destroyed property may be considered by the trier of facts to determine "actual cash value" at the time of loss.

*See J & H Auto Trim Co., Inc. v. Bellefonte Insurance Co.*, 677 F.2d 1365, 1369 (11th Cir.1982); *Berkshire Mutual Insurance Co. v. Moffett*, 378 F.2d 1007, 1011 (5th Cir.1967).

Having concluded that we must look to state law to determine the elements of a prima facie case, *Helene Curtis Industries, Inc. v. Pruitt*, 385 F.2d 841, 850 (5th Cir.1967), *cert. denied*, 391 U.S. 913, 88 S.Ct. 1806, 20 L.Ed.2d 652 (1968), we now need to review the district court's grant of directed verdict in light of federal rules for determining whether the evidence presented was sufficient to establish a prima facie case, *Boeing Co. v. Shipman*, 411 F.2d

365, 368 (5th Cir.1969) (en banc); *Planters Manufacturing Co. v. Protection Mutual Insurance Co.*, 380 F.2d 869 (5th Cir.1967). In evaluating a motion for directed verdict, "the court should consider all of the evidence ... in the light and with all reasonable inferences most favorable to the party opposed to the motion.... [I]f there is ... evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury." *Buckley v. Hospital Corp. of America, Inc.*, 758 F.2d 1525, 1527 (11th Cir.1985) (quoting *Boeing*, 411 F.2d at 373–74).

Based on our review of the evidence that the Barretts submitted, we hold that the district court erred in directing a verdict for Prudential. The original purchase price of the house, its rental value, the proof of loss statement, and the contractor's estimate all constituted relevant, probative evidence from which a jury could logically base a determination as to the actual cash value of the destroyed property. In its totality this evidence was sufficient to establish a prima facie case of before and after loss value under either New York law or Florida law. We therefore REVERSE the judgment of the district court and REMAND the case for further proceedings consistent herewith.