■ KATES GROUP et al., Appellants, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.—In an action to recover damages under a fire insurance policy, the plaintiffs separately appeal from so much of a judgment of the Supreme Court, Queens County (Hyman, J.), dated November 1, 1985, as, after a nonjury trial, granted the defendant's motion to dismiss the complaint insofar as it is asserted by each of them, made upon the close of the plaintiffs' evidence, for their failure to present a prima facie case.

Ordered that the appeal by the plaintiff Gowanus Canal Holding Corp. is dismissed, without costs or disbursements, for failure to perfect same in accordance with the rules of this court (22 NYCRR 670.20 [f]); and it is further,

Ordered that the judgment insofar as appealed from by the plaintiff the Kates Group is reversed, on the law, so much of the motion which was to dismiss the complaint insofar as it is asserted by the Kates Group is denied, and a new trial is granted as between the Kates Group and the defendant, with costs to abide the event.

The plaintiffs commenced the instant action to recover under a policy of fire insurance issued by the defendant for the alleged total destruction of a building covered under the policy. The plaintiff the Kates Group was the named mortgagee or loss payee on the subject fire insurance policy. The

plaintiff, Gowanus Holding Corp., was an assignee subordinate to the Kates Group in a note and mortgage in the amount of $75,000 on the subject premises. At the close of the plaintiffs' case, the defendant moved to dismiss the complaint for failure to prove a prima facie case on the issue of damages. The trial court granted the defendant's motion on the ground that the plaintiffs had failed to prove the difference in the value of the insured property just before the fire and immediately after the fire. We reverse the judgment to the extent that it dismisses the complaint insofar as asserted by the Kates Group.

In order to survive a trial motion to dismiss at the close of their case, the plaintiffs were required to make a prima facie showing that the fire so damaged the insured premises that the building could not be repaired or that it would not be reasonable to repair it (see, Midwood Sanatorium v Firemen's Fund Ins. Co., 261 NY 381, 385, rearg denied 262 NY 469; Corbett v Spring Garden Ins. Co., 155 NY 389, 393-394). Accepting the plaintiffs' evidence as true and giving them the benefit of every favorable inference which can reasonably be drawn therefrom (CPLR 4401; Gumbs v New York Prop. Ins. Underwriting Assn., 114 AD2d 933, 935; Hylick v Halweil, 112 AD2d 400), we find that the record contains sufficient proof to establish a prima facie case of total destruction of the insured property. Dismissal of the complaint insofar as it is asserted by the Kates Group was, therefore, error.

To establish that the subject building was totally destroyed by fire, the plaintiffs offered the testimony of a witness who described the subject building as a total loss following the fire, with no columns, roof or windows. The witness further testified that all that remained of the building after the fire was a large pile of rubble standing approximately three feet high. In addition, the plaintiffs submitted into evidence a certified copy of the New York City Fire Department's report of the fire which stated that the building was lost due to the spread of the fire.

In urging the affirmance of the trial court's dismissal of the complaint, the defendant cites Incardona v Home Indem. Co. (60 AD2d 749) and Agostino v Holyoke Mut. Ins. Co. (89 AD2d 573). The defendant's reliance on those cases is misplaced. Both Incardona (supra) and Agostino (supra) involved partial damage to an insured property where the liability of the insurer was to be " 'the difference between the actual cash value of the property * * * just preceding the fire and the market value immediately after the fire' " (Agostino v Ho-

*lyoke Mut. Ins. Co., supra; see also, Gumbs v New York Prop. Ins. Underwriting Assn., supra).*

Conversely, at bar, a total destruction of property was claimed. "A total destruction [of a building by fire] * * * must mean the complete destruction of the insured property by fire, so that nothing of value remains of it, as distinguished from a partial loss, where the property is damaged but not entirely destroyed" *(Corbett v Spring Garden Ins. Co., supra,* at 393). Where there is a total loss of the entire value of the property, the insurer is liable for the full amount of the loss caused by the fire *(see, Midwood Sanatorium v Firemen's Fund Ins. Co., supra,* at 385). In this case, the trial court erred in dismissing the complaint insofar as it was asserted by the Kates Group after the plaintiffs rested their case because the evidence at bar demonstrates prima facie that the building was damaged beyond repair. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.