■ JAMES VOULO et al., Respondents, v ALLCITY INSURANCE COMPANY, Appellant, et al., Defendant.—In an action to recover damages for breach of a fire insurance policy, the defendant Allcity Insurance Company appeals from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), dated April 30, 1986, which, upon a jury verdict, is in favor of the plaintiffs and against it in the principal sum of $23,000.

Ordered that the judgment is modified, on the law, by reducing the amount awarded to the plaintiff to the principal sum of $10,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate amended judgment.

This action was brought on a fire insurance policy, issued by the appellant to the plaintiffs, to recover the damages sustained by the plaintiffs as a result of fire in their house. The policy provided and the appellant set forth in its answer that the company should not be "liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured". The policy also provided that the company's liability was limited to "the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality". The jury's determination that the appellant failed to prove a material increase in the risk of loss within the knowledge or control of the plaintiffs was not against the weight of the evidence.

There was no proof that the hazard was increased subsequent to the issuance of the subject insurance policy or that the plaintiffs' storage of gasoline was not an ordinary use of their property. Therefore, that part of the verdict should not be set aside (see, Nazito v Holton, 96 AD2d 550).

However, the only proof the plaintiffs submitted of the

postfire value of the premises was the cost of repair and replacement, and therefore the plaintiffs' proof was insufficient as a matter of law *(Gumps v New York Prop. Ins. Underwriting Assn.,* 114 AD2d 933; *Agostino v Holyoke Mut. Ins. Co.,* 89 AD2d 573, *lv denied* 57 NY2d 609). Therefore, the portion of the verdict which awarded $13,000 to the plaintiffs for fire damage to the building itself must be set aside, and the plaintiffs' recovery limited to $10,000 for damages to the contents. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.