■ PATRICIA PALMIER, Appellant-Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant. PETER PALMIER, Third-Party Defendant-Respondent.—Kane, J. P. Cross appeals from an order and judgment of the Supreme Court (Dier, J.), entered October 17, 1986 in Schenectady County, upon a verdict rendered in favor of defendant.

On January 2, 1981, defendant and third-party plaintiff, United States Fidelity and Guaranty Company (hereinafter USF&G), issued a policy of homeowner's insurance to plaintiff covering her residence in the City of Schenectady for a period of one year. There was a provision in the policy for coverage for theft of unscheduled personal property in the sum of $500, together with a scheduled personal property endorsement providing coverage for theft of scheduled jewelry in the sum of $48,282. The policy provided coverage for plaintiff and her "relatives" who were "residents of your household", and insured for direct loss caused by "[t]heft, including attempted theft and loss of property from a known location when it is likely that the property has been stolen", but did not cover loss by theft "committed by any insured". As a condition of the policy, there was no provision for coverage "for any insured who has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance".

On October 29, 1981, plaintiff reported to the police the theft of all of the scheduled jewelry from her residence. The loss occurred at about 6:00 P.M. that evening, during the period of time when plaintiff was in the process of removing some items from the kitchen of her home to her automobile by way of the back door. In the process, plaintiff had left her handbag, containing all of her jewelry, on the kitchen table. It was her custom to carry nearly all of her jewelry with her at all times. Plaintiff returned to the house to answer a telephone call and, upon picking up the receiver, the caller hung up. When she glanced at the kitchen table, she noticed that the handbag containing all of her jewelry was gone, and that the previously locked front door was open. The police were summoned to investigate but were unable to uncover any evidence of forced entry to the home or any witnesses who had observed anyone but plaintiff going to or from her home.

USF&G was notified of the loss and, after extensive inquiry, discovery and investigation, rejected all claims made by plain-

tiff for coverage under its policy of insurance. Litigation ensued and, after service of the summons and complaint, USF&G answered asserting affirmative defenses of lack of coverage because (1) any alleged theft was procured by Peter Palmier, plaintiff's father-in-law and the third-party defendant herein, who was an insured under the terms of the policy, and (2) there were willful concealments and misrepresentations of material facts, as well as false or fraudulent statements made by plaintiff in her claim for the proceeds of the insurance. USF&G also commenced a third-party action against Palmier in accordance with subrogation rights provided to it under the terms of the policy.

Ultimately, the action was reached for trial and, at the conclusion of the evidence and before submission of the case to the jury, Supreme Court dismissed the complaint in the third-party action, as well as the two affirmative defenses set forth by USF&G in its answer. At trial, the evidence disclosed that Palmier had resided with plaintiff, his daughter-in-law, since a time prior to plaintiff's separation and ultimate divorce from her husband in 1961 or 1962, up to the time just prior to the alleged theft of the jewelry. During this period, Palmier contributed to the support of the household, built additions to the home, provided plaintiff with employment at his oil business, bestowed gifts of furs and jewelry upon her, and developed an intimate personal relationship with her to the extent that for a period of time, they held themselves out to be husband and wife. However, in 1979, their relationship began to deteriorate for various reasons, including plaintiff's interest in another man residing in New Jersey. There were incidents of violence between plaintiff and Palmier, as well as the removal, and subsequent return, of items of plaintiff's jewelry by Palmier and the commencement of several lawsuits by him against plaintiff to recover possession of certain property related to the operation of his business. Finally, in the summer of 1981, plaintiff asked Palmier to remove himself from the residence, following which she changed the locks on her doors. Both plaintiff and Palmier testified extensively at the trial, as did the police officer who investigated the robbery.

The jury returned a verdict of no cause for action and these cross appeals ensued. It is plaintiff's contention that the verdict is against the weight of the evidence and that portions of Supreme Court's charge to the jury were improper. USF&G cross-appeals from the dismissal of its affirmative defenses and the third-party complaint. We affirm.

Specifically, plaintiff contends that, since Supreme Court

dismissed the affirmative defenses at the close of all the evidence, no provable defense was left to USF&G, and thus plaintiff was entitled to a directed verdict in her favor; plaintiff concludes that, since the ruling established that plaintiff did not submit a fraudulent claim, there was no issue for the jury to resolve. As an additional basis for reversal, plaintiff contends that since Supreme Court refused to advise the jury that it had dismissed these defenses, plaintiff was severely prejudiced and the jury was confused as to whether plaintiff had the burden to disprove that she had committed any fraud or misrepresentation.

Plaintiff misconstrues the significance of an affirmative defense. Setting forth such a defense in an answer preserves a defendant's right to present evidence on the issue raised in the affirmative defense. It has no effect on plaintiff's burden of proof *(see, Beece v Guardian Life Ins. Co.,* 110 AD2d 865, 867; *see also,* Siegel, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:16, at 59 [1987 Pocket Part]). Plaintiff must establish her case by a preponderance of the credible evidence and establish "that the policy of insurance was issued, that the loss occurred, and that the loss was an event within the terms of the policy" *(Contractors Realty Co. v Insurance Co.,* 469 F Supp 1287, 1292; *see,* 21 Appleman, Insurance Law and Practice § 12093, at 13-22). Moreover, there were numerous factual issues presented to the jury as to whether a loss actually occurred and whether Palmier possessed a key to the residence at the time of the alleged loss. These issues, combined with proof of plaintiff's declining financial circumstances at the time, bear upon the question of plaintiff's credibility and lead to the conclusion that it cannot be said it was "utterly irrational" for the jury to reach the result it determined *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see also, Peters v Newman,* 115 AD2d 816, 817, *appeal dismissed* 67 NY2d 916; *Winnick v Equitable Life Assur. Socy.,* 110 AD2d 314, 316, *lv denied* 67 NY2d 605). Additionally, evidence presented by USF&G that plaintiff contends was prejudicial, i.e., the unusual nature of her long-standing relationship with Palmier, her former father-in-law, was in fact relevant on the issue of plaintiff's credibility and was properly admitted.

Finally, we find no error in Supreme Court's charge or in its denial of requests to charge. Although USF&G's evidence did relate to its two affirmative defenses, it was also directly relevant in disproving plaintiff's allegations. Thus, the denials set forth in the answer permitted USF&G to "offer any

evidence tending to disprove anything the plaintiff [was] permitted to offer evidence to prove" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:11, at 147). Accordingly, there was no need for any "curative instructions" after dismissal of the affirmative defenses, as we perceive no basis for any confusion on the part of the jury as to proof required by the respective parties from this clear and proper charge.

As to USF&G's cross appeal, we agree there was no direct evidence to establish that Palmier was responsible for the loss of plaintiff's jewelry, and that the circumstantial evidence submitted on this issue was insufficient to support the requisite inference to that effect *(see, Matter of Ridings v Vaccarello,* 55 AD2d 650, 651).

Order and judgment affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.