■ JOHN A. BOWLES, Appellant, v TRAVELERS INDEMNITY COMPANY, Respondent.—Order and judgment unanimously reversed on the law with costs, motion denied and a new trial granted, in accordance with the following memorandum: Plaintiff is the owner of a dwelling insured under a homeowner's insurance policy issued by defendant Travelers Indemnity Company. The policy provided coverage of $30,000 for the dwelling and $15,000 for personal property. On October 11, 1982, a fire extensively damaged plaintiff's home and its contents. Plaintiff notified Travelers and thereafter submitted a sworn proof of loss. The proof of loss, prepared by a public adjuster, indicated that plaintiff's whole loss and damage was $56,003.22. The amount claimed under the policy was $40,651.22 (the maximum $30,000 for the dwelling and $10,651.22 for the contents). When Travelers refused to pay the claim, plaintiff commenced this action for breach of contract, seeking to recover damages under the terms of the policy. Travelers raised arson as an affirmative defense in its answer.

The matter proceeded to a jury trial. Plaintiff testified concerning the fire and the damage to his home and contents. He also offered the testimony of the fire damage appraiser who prepared the report of the damage. The expert testified that the total building loss was $60,469.52. This figure was based upon the cost of repairing the damaged items. The total loss on contents was $10,651.22, based upon replacement cost less depreciation.

At the close of plaintiff's proof, Travelers made a motion pursuant to CPLR 4401 for judgment dismissing the complaint on the grounds that plaintiff had failed to establish a prima facie case with regard to damages. Travelers contended that plaintiff failed to offer any evidence of the actual cash value of the property at the time immediately preceding the fire and the market value immediately after the fire and, hence, plaintiff's proof of damages was insufficient as a matter of law. The court, relying on *Incardona v Home Indem. Co.* (60 AD2d 749), granted Travelers' motion and denied plaintiff's motion to reopen his case to submit further proof on actual cash value. The court erred.

Here, we are not concerned with a fire insurance policy, but rather with a homeowner's insurance policy, which insures

against a number of covered perils, including fire. Unlike the policy at issue in *Incardona* (60 AD2d 749, *supra),* plaintiff's homeowner's policy does not contain the "actual cash value" language which was at issue in that case. Plaintiff's homeowner's policy provides that the amount recoverable in the event of loss to the dwelling is the "actual cost to repair or replace that part of the building damaged" up to the applicable limit of liability. The policy contains a specific provision applicable "[i]f at the time of loss the limit of liability for Coverage A is less than 80% of the replacement cost of the dwelling". In addition, the policy requires the insured to submit a proof of loss setting forth "the specifications of any damaged building and detailed estimates for repair of damage" as well as an "inventory of damaged personal property".

From our review of this record, we conclude that plaintiff complied with the applicable provisions of the Travelers policy and presented prima facie proof of the damage to the dwelling and its contents which was sufficient to withstand a motion for a directed verdict pursuant to CPLR 4401 *(see, Le May v Frankel,* 80 AD2d 665). (Appeal from order and judgment of Supreme Court, Jefferson County, Inglehart, J.—breach of contract.) Present—Callahan, J. P., Doerr, Boomer, Pine and Davis, JJ.