■ CHRISTIANA THODA, Respondent, v JOSEPH ARCOLEO et al., Respondents, and CHARLES O'NEIL, Appellant.

Plaintiff was a passenger in a taxicab operated by defendant-respondent Beauchamp and owned by the defendants-respondents Arcoleo, that collided with a vehicle owned and operated by defendant-appellant O'Neil. Plaintiff's face smashed into the metal partition separating the driver's seat from the passenger's compartment, causing her to sustain an aleveolar fracture, the loss of two teeth, the fracture of eight teeth, and requiring her to undergo a series of root canal treatments. The jury awarded plaintiff $94,500 for past and future medical expenses, of which the first $50,000 is non-recoverable basic economic loss, this being a personal injury action involving a person covered under Insurance Law § 5104 (a), and we reduce the judgment by that amount (Shalom v Sahani, 137 AD2d 454).

There is no ultimate merit to defendant O'Neil's contention that the court's conduct throughout the trial deprived him of a fair trial. The court's criticism of defense counsel for interrupting the beginning of its charge to the jury was, while perhaps excessive, warranted, counsel's interjection at this point being totally improper in view of his repeated failure to comply with the court's instructions to provide timely written requests to charge. We disapprove of the Trial Judge's inappropriate comments, in the presence of the jury, to the expert witness called by defendants, despite how "difficult" the witness may have been. However, the court gave curative instructions to the jury specifically addressed to these problems and designed to dissipate any unfairness or prejudice arising therefrom.

The court did not commit error in refusing to charge the jury on Vehicle and Traffic Law § 383 concerning the purported failure of the defendant cab owners to provide a seat belt to plaintiff, since defendant O'Neil did not seek to amend his answer to assert a seat belt crossclaim against the codefendant cab owners until the eve of trial (see, DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236). In any event, there was no proof at trial that the cab did not have seat belts.

The jury's apportionment of liability has support in the record and is not against the weight of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493; Yalkut v City of New York, 162 AD2d 185). And, the jury's award of $70,000 for future dental expenses and $330,500 for pain and suffering does not deviate materially from what would be reasonable compensation (Christopher v Great Atl. & Pac. Tea Co., 166 AD2d 334, upon denying rearg of 161 AD2d 274, lv denied 76 NY2d 1003).

We have considered defendant O'Neil's remaining contentions and find them to be without merit. The claim of defendants Arcoleos and Beauchamp that the verdict was excessive cannot be reviewed inasmuch as they never took a cross-appeal from the judgment. Concur—Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.