■ RICHARD OLEZESKI, Respondent, v FINGER LAKES-SENECA COOPERATIVE INSURANCE COMPANY, Appellant. [629 NYS2d 873] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered September 29, 1994 in Chenango County, upon a verdict rendered in favor of plaintiff.

When the log home in which plaintiff held a one-half ownership interest and lived was completely destroyed by fire, he sought reimbursement for his loss pursuant to the terms of a homeowner's policy he had purchased several days before the incident from defendant. After investigating the circumstances of the fire, defendant disclaimed coverage on the ground that plaintiff had intentionally set the fire. Plaintiff brought this suit to compel payment and a jury trial was held, resulting in a verdict for plaintiff. Defendant appeals.

We affirm. Defendant's contention that Supreme Court erred

---

by not directing a verdict in its favor, on the basis of testimony which, it maintains, proves its affirmative defense of material misrepresentation as a matter of law, is unconvincing. To establish the materiality of the alleged misrepresentations, defendant relies on the unsubstantiated, and plainly self-serving, testimony of its current executive vice-president, Lauren Lodge, who stated that had the company been fully informed of the facts, it would not have issued the policy. After reviewing the record as a whole—including plaintiff's uncontradicted account of the events surrounding the taking of his application, and the application form itself—we are unwilling to say that it was irrational for the jury to discount the probity of Lodge's unsupported assertion, and conclude therefore that defendant had not met its burden of proving the affirmative defense (*see, Winnick v Equitable Life Assur. Socy.*, 110 AD2d 314, 315-316, *lv denied* 67 NY2d 605; *cf., Nadel v Manhattan Life Ins. Co.*, 211 AD2d 900, 901-902).

Defendant also suggests that a new trial must be had because of several allegedly inappropriate remarks made by Supreme Court. While the two comments made in the presence of the jury would perhaps have been better left unsaid, they were, for the most part, uttered with the aim of expediting the proceedings and, in any event, were not so egregious as to warrant a new trial. Moreover, the court's well-tailored curative instructions, to which defendant registered explicit approval, dissipated the possibility of prejudice (*see, Zipkin v City of New York*, 196 AD2d 865, 866, *lv denied* 82 NY2d 665; *Thoda v Arcoleo*, 179 AD2d 508).

Nor are we persuaded by defendant's argument that plaintiff's proof of damages was inadequate. Defendant questions the propriety of admitting a public adjuster's report that lists the value of each item of personal property lost in the fire, and includes a calculation of the replacement value of the dwelling. There was, however, no reason to exclude the personal property information contained therein, all of which had been provided or reviewed by plaintiff, who was subject to cross-examination with respect thereto. Furthermore, any error in admitting the replacement cost calculation regarding the dwelling was harmless since defendant's witness reached a similar conclusion. Lastly, inasmuch as the photographic and testimonial evidence satisfactorily established that the dwelling and an adjacent shed were totally destroyed, the proof adduced at trial as to the price paid for the premises less than four months earlier, coupled with the replacement value of the dwelling and the shed, is sufficient to justify the amount to

which the jury found plaintiff to be entitled under the policy (*see, Kates Group v New York Prop. Ins. Underwriting Assn.,* 128 AD2d 838, 839-840; *cf., Bowles v Travelers Indem. Co.,* 149 AD2d 936, 937).

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.