■ ALPHA AUTO BROKERS, LTD., et al., Respondents, v CONTINENTAL INSURANCE COMPANY et al., Appellants. [728 NYS2d 769] —In an action to recover damages for breach of an insurance contract, the defendants appeal from (1) a judgment of the Supreme Court, Nassau County (Carter, J.), dated January 28, 2000, and (2) so much of an amended judgment of the same court, entered August 29, 2000, as upon, *inter alia,* the denial of their motion for judgment in their favor as a matter of law pursuant to CPLR 4401, and upon a jury verdict, is in favor of the plaintiffs and against them on the issue of liability.

Ordered that the appeal from the judgment dated January 28, 2000, is dismissed, as that judgment was superseded by

the amended judgment entered August 29, 2000; and it is further,

Ordered that the amended judgment entered August 29, 2000, is reversed insofar as appealed from, on the law, the judgment dated January 28, 2000, is vacated, the motion pursuant to CPLR 4401 is granted, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs brought the instant action to recover damages for breach of an insurance contract based upon the defendants' refusal to pay the claim that the plaintiffs filed after a fire at their premises. At the close of the plaintiffs' case, the defendants moved to dismiss the complaint pursuant to CPLR 4401 based on the plaintiffs' failure to prove damages. The Supreme Court denied the motion, and, after a jury verdict in favor of the plaintiffs on the issue of liability, a judgment and amended judgment were entered in their favor on that issue. On appeal by the defendants, we reverse and dismiss the complaint.

The Supreme Court improperly denied the defendants' motion pursuant to CPLR 4401 to dismiss the complaint based on the plaintiffs' failure to establish a prima facie case. In order to recover damages for breach of contract, the plaintiffs were required to prove damages resulting from that breach, and their failure to do so was fatal to that cause of action (see, Cramer v Spada, 203 AD2d 739, 741; Ruse v Inta-Boro Two-Way Radio Taxi Assocs., 166 AD2d 641). Although the plaintiffs offered evidence of the cost to repair the premises, their witness also admitted that the premises was not repaired, and that no repair costs were incurred. Thus, the plaintiffs were not entitled to recover such costs (see, Harrington v Amica Mut. Ins. Co., 223 AD2d 222, 228; DeLorenzo v Bac Agency, 256 AD2d 906, 907). The proper measure of damages was " 'the difference between the actual cash value of the property * * * just preceding the fire and the market value immediately after the fire' " (Agostino v Holyoke Mut. Ins. Co., 89 AD2d 573, quoting Incardona v Home Indem. Co., 60 AD2d 749, 750). However, the plaintiffs presented no evidence as to the pre- or post-fire value of the premises.

Additionally, we note that the Supreme Court improperly directed specific performance of the contract to determine the amount of damages sustained by the plaintiffs. "Specific performance is not available as a remedy for breach of contract where, as here, there is an adequate remedy at law (i.e., money damages)" (Demilo Corp. v E.K. Constr. Co., 207 AD2d 480, 481; see, 11 Duke St. v Ryman, 280 AD2d 429). Although the

defendants breached the provision of the insurance contract which provided that they would "determine the value of Covered Property in the event of loss or damage," this did not relieve the plaintiffs of their burden of proving damages at trial. Bracken, P. J., Friedmann, Florio and Feuerstein, JJ., concur.