SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**132**

**CA 14-00017**

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

DOG DAY'S, INC., DOING BUSINESS AS DOG DAYS
OF BUFFALO, INC., PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

HARTFORD FIRE INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

---

VINAL & VINAL, P.C., BUFFALO (JEANNE M. VINAL OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (FALLYN CAVALIERI OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered September 10, 2013. The order, among other things, granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff insured filed a claim on its fire insurance policy with defendant insurer after plaintiff suffered a fire loss on its property. As relevant to this appeal, defendant paid plaintiff pursuant to the policy a certain sum of money as the actual cash value for the losses at the property and eight monthly payments for business interruption. Plaintiff commenced this action asserting causes of action for breach of contract and breach of duty of good faith and fair dealing after defendant suspended the payments for business interruption. We conclude that Supreme Court properly granted defendant's motion for summary judgment.

Plaintiff contends that the court erred in granting the motion inasmuch as defendant failed to meet its burden of proof with respect to the actual cash value of the losses at the property. We reject that contention. Defendant complied with the " 'broad rule of evidence' " applicable herein by submitting such information as the purchase price of the property, the cost of improvements to the property, the assessed value of the property, and the amount it expended to repair and restore the property after the loss (*Mazzocki v State Farm Fire & Cas. Corp*., 1 AD3d 9, 12; *see Incardona v Home Indem. Co.*, 60 AD2d 749, 749-750). In opposition, plaintiff failed to challenge defendant's actual cash value figure and therefore failed to

raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to plaintiff's further contention, defendant met its burden of establishing that it fulfilled its contractual obligations to plaintiff with respect to the business interruption payments. Defendant established that the business interruption coverage under the policy applied only "during . . . period[s] of restoration," but that during the eight months that business interruption payments were made, plaintiff made no effort to rebuild or repair the premises, or to resume business operations, despite receiving an actual cash value payment for the property within 3½ months of the loss (*cf. Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 195-196).  We conclude that plaintiff likewise failed to raise an issue of fact that it was entitled to further business interruption payments (*see generally Zuckerman*, 49 NY2d at 562).

Finally, we agree with defendant that the court properly granted it summary judgment with respect to the cause of action for breach of the implied covenant of good faith and fair dealing inasmuch as defendant established as a matter of law that it did not act in bad faith or unfairly in dealing with plaintiff, and plaintiff failed to raise an issue of fact (*see id.; Hunter v Deutsche Bank AG, N.Y. Branch*, 56 AD3d 274, 274).

Entered:  March 20, 2015                       Frances E. Cafarell
                                               Clerk of the Court