■ In the Matter of the Arbitration between JACK LAKIN, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered on May 20, 1964, vacating stay of arbitration contained in order entered on December 2, 1963, unanimously reversed, on the law, and a new trial directed of the framed issue, "Was there physical contact between petitioner and a hit and run car on April 6, 1962?" with $50 costs to abide the event. On this record petitioner's credibility was in issue, and the direction of a verdict in his favor therefore unwarranted (*Matter of Rosen [MVAIC]*, 22 A D 2d 671). It is sufficient to point to Patrolman Young's testimony that petitioner did not tell him there was contact with the milk truck. The court appears to have been of the view that the verdict was mandated since a contrary verdict would have been against the weight of the credible evidence. "But a final determination on the facts by a direction of verdict must rest on broader ground than weight of evidence alone. A direction may be made only when a contrary verdict would be set aside for legal insufficiency (*Loewinthan* v. *Le Vine*, 299 N. Y. 372)" (*Davis* v. *Caristo Constr. Corp.*, 19 A D 2d 518, 519; and see *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245). Unless the parties agree otherwise, the new trial should proceed before a jury, and the framed issue dealt with as one required to be tried by a jury, since the order entered on December 2, 1963 and the proceedings thereunder so contemplated. Whether originally there was a right to a jury trial is a question we do not reach (cf. *Matter of Hutchinson [MVAIC]*, N. Y. L. J., July 17, 1964, p. 7, col. 6). Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.