■ ALFRED PHILLIPS et al., Respondents, v. CHEVROLET TONAWANDA DIVISION OF GENERAL MOTORS CORPORATION, Appellant. GENERAL MOTORS CORPORATION, Third-Party Plaintiff-Respondent, v. MODERN EQUIPMENT COMPANY, Third-Party Defendant-Appellant.— Judgment unanimously reversed, on the law, without costs and new trial granted. Memorandum: On October 5, 1969 respondent Alfred Phillips while employed by a wholly-owned subsidiary of the appellant Modern Equipment Company was working at the plant of appellant Chevrolet Tonawanda Division of General Motors. An accident occurred resulting in serious injuries to Phillips and he and his wife commenced a negligence action against Chevrolet. Chevrolet impleaded Modern on theories of common-law and contractual indemnification. At the close of the proof at trial, upon Modern's motion the court dismissed the common-law cause of action against it. Thereafter Modern and Chevrolet stipulated to have the court consider the issue of contractual indemnification as a matter of law following the jury's determination of the Phillips' claims against Chevrolet. Modern, which had been participating fully in the trial up to that point, was then denied the opportunity to address the jury in summation or otherwise to continue to participate. This was error. Since Modern's liability is determined in part by Chevrolet's liability to Phillips, Modern must be given full oppor-

tunity to participate in the efforts to defeat Phillips' claims. This is the clear intention of CPLR 1008 which provides in part that the "third-party defendant shall have the rights of a party adverse to the other parties in the action". (See Carmody-Wait 2d, New York Civil Practice, Parties, § 19:122.) Further support is given this construction of the statute by its legislative history. The predecessor provision to CPLR 1008 (Civ. Prac. Act, § 193-a) provides that "the third party may avail himself of all the procedural weapons which the law gives to the original defendant for defeating plaintiff's claim" (Twelfth Annual Report of the N. Y. Judicial Council, 1946, pp. 210–211). Expressly included among the "procedural weapons" is the right "to address the jury on plaintiff's case" (*id.* p. 211, n. 80). Case law has also recognized this right even where, as here, the issue of contractual indemnification has been taken from the jury's consideration and reserved for the court's determination (*Vergano* v. *City of New York*, 128 N. Y. S. 2d 705, revd. on other grounds, 286 App. Div. 1113). The court's denial of Modern's right to address the jury in summation and otherwise to continue its participation was a substantial error which mandates reversal and a new trial (cf. *Lyman* v. *Fidelity & Cas. Co.*, 65 App. Div. 27). (Appeal from judgment of Erie Trial Term in action for damages for personal injuries.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.