■ CLAUDE G. WEIR, Respondent, v DORIS M. SLATE et al., Appellants. —Judgment unanimously affirmed, with costs. Memorandum: Defendant appeals from a judgment awarding plaintiff $1,500 for property damages sustained in an automobile accident. She contends that the court improperly directed a verdict on the issue of liability and submitted only the question of damages to the jury. The record shows that defendant drove her southbound vehicle into the northbound lane of travel to pass a car ahead of her and collided with a northbound vehicle owned and operated by plaintiff. At the time defendant changed lanes, the cars were about one and a half car lengths apart. It was snowing and the road was covered with snow and was slippery. Plaintiff was operating his vehicle at a speed of approximately 15 miles per hour. After the accident, defendant pleaded guilty to a violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law, failure to keep right. On a motion for a directed verdict the court may not weigh the evidence, and it may not grant the motion simply because it would set aside a contrary verdict as against the weight of the evidence. The parties' right to a jury trial may not be that lightly disregarded. The motion may be granted only when the trial court, accepting as true the evidence of the nonmoving party and all the inferences reasonably to be drawn therefrom, determines " 'that by no rational process could the trier of facts base a finding in favor of the [party moved against] upon the evidence * * * presented.' (Blum v. Fresh Grown Preserve Corp., 292 N.Y. 241, 245)" (Wearever Upholstery & Furn. Corp. v Home Ins. Co., 286 App Div 93, 95). While it appears from some of the statements in the record that the trial court may have misunderstood these rules, we nevertheless find that the evidence warrants affirmance. Defendant's operation of her vehicle under all the circumstances was negligent and the sole proximate cause of the accident. Defendant correctly contends that it was error for the court to permit a member of the New York State Police, who arrived at the scene after the accident had occurred, to testify as to his opinions and conclusions about its cause. The admission of this testimony was error but since the

court took the issue of liability from the jury, there was no prejudice to defendant. (Appeal from judgment of Jefferson County Court in automobile negligence action.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.