■ RUDOLF NEWLAND, Appellant, v BRIAN JUNEAU, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered October 26, 1977 in Clinton County, upon a dismissal of the complaint on the merits by the court at a Trial Term at the close of plaintiff's case. Plaintiff commenced this negligence action as the result of an automobile accident on April 13, 1975. After issue was joined defendant moved for summary judgment dismissing the complaint. In a decision, dated May 13,

1976, Special Term denied the motion, finding that "an allegation of permanent injury has been made and sufficiently substantiated to satisfy the threshold burden of the plaintiff" and, quoting from *Sanders v Rickard* (51 AD2d 260, 264) further stated " 'The determination of whether plaintiff sustained such "serious injury", as well as any other threshold issue under the no-fault insurance law, shall be submitted to the jury as a question requiring a special finding.' " The case went to trial and, at the close of plaintiff's case, defendant moved for judgment (CPLR 4401) dismissing the complaint on the ground that plaintiff's proof was inadequate to warrant a jury finding that plaintiff sustained a "serious injury" within the meaning of section 671 (subd 4, par [a]) of the Insurance Law. The court, after a detailed review of the testimony of plaintiff's two orthopedic specialists, granted the motion, stating that "as a matter of law" the plaintiff failed to establish "loss of function, permanent loss of function, as contemplated by the new Insurance Law". Once a negligence complaint, based on a post-February 1, 1974 automobile accident, has survived a summary judgment motion for dismissal *(Simone v Streeben,* 56 AD2d 237, 239; *Sanders v Rickard, supra),* all factual issues are for the jury unless removed from their consideration by the court. Removal can only follow a motion pursuant to CPLR 4401 and can be granted only when the trial court, accepting as true evidence of a nonmoving party and all inferences reasonably drawn therefrom, determines that by no rational process could the trier of facts base a finding in favor of the party moved against upon the evidence presented *(Weir v Slate,* 51 AD2d 665). The determination, tantamount to a directed verdict, must rest on a broader ground than weight of evidence alone, and direction may be made only when a contrary verdict would be set aside for legal insufficiency *(Matter of Lakin [MVAIC],* 23 AD2d 488). Since both plaintiff's medical experts testified that he sustained a permanent neck injury, albeit the attending specialist was equivocal as to degree of permanency, it cannot be said that at that posture of the trial, at close of plaintiff's case, the medical proof with respect to the issue of "serious injury" was such that a verdict in favor of the plaintiff would have to be set aside. Since it cannot, of course, be known from this record whether the relief granted might have been appropriate at the close of the whole case after defendant's medical experts, if any, had testified, we note, as we have done before *(Finkle v Zimmerman,* 26 AD2d 179, 181) the necessity of requiring special findings by the jury in cases such as this where resolution of threshold issues can be dispositive. Judgment reversed, on the law, with costs, and new trial ordered. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.