■ MARION LE MAY, Appellant, v ALFRED R. FRANKEL, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered December 14, 1979 in Albany County, upon a dismissal of the complaint by the court at a Trial Term, at the close of all the evidence. Plaintiff brought this action against defendant for repayment of the balance of a loan in the sum of $19,674. At the conclusion of the evidence, the court directed a verdict for defendant pursuant to CPLR 4401 on the ground that plaintiff failed to sustain her burden of proving her cause of action. The court opined that plaintiff's evidence "would constitute a gift with a somewhat vague promise * * * to make repayment sometime in the future." Plaintiff contends on appeal that Trial Term incorrectly directed a verdict in favor of the defendant. We agree. A motion pursuant to CPLR 4401 can be granted only if the movant is entitled to it as a matter of law. The test to be used is "whether the trial court could find that by no rational process could the fact trier base a finding in favor of the party moved against upon the evidence presented [citation omitted]" (Aetna Cas. & Sur. Co. v Garrett, 37 AD2d 750, 751). Plaintiff was thus entitled to every inference which could properly be drawn from the facts presented and the facts must be considered in a light most favorable to plaintiff. In the present action, plaintiff testified that she offered to loan defendant $20,000; that she gave him the cash on June 11, 1973; that the defendant accepted the money and told plaintiff that it would only be for a year or two and that he failed to repay the loan despite her many requests. Defendant denied the receipt of any moneys from plaintiff. Plaintiff's testimony, if believed, established the essentials of her cause of action, that is, a loan, a promise to repay and nonpayment (Wallach v Dryfoos, 140 App Div 438). It was not the court's function to weigh the evidence on such a motion, nor may the court direct a verdict because it would set aside a contrary verdict as against the weight of the evidence (see Newland v Juneau, 62 AD2d 1125, 1126). The fact that the trial court felt that the evidence pointed to a vague promise to repay indicated most clearly that the motion should have been denied. The record discloses contradictory evidence. In such circumstances, the credibility of plaintiff and defendant should have been referred to and decided by the jury (cf. Lipton v Wagner, 57 AD2d 889). Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Sweeney, J.P., Kane, Main, Mikoll and Herlihy, JJ., concur.