■ JUDITH BECKER et al., Appellants, v JOAN PRYSCHLAK et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Putnam County (Beisheim, J.), entered May 5, 1982, which is in favor of defendants upon the trial court's granting of their motion to dismiss the complaint at the close of the plaintiffs' case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The trial court granted the defendants' motion to dismiss at the close of the plaintiffs' case. The evidence adduced must be viewed most favorably to the plaintiffs and they must be given the benefit of all inferences which can reasonably be drawn from it (*Patterson v Proctor Paint & Varnish Co.*, 21 NY2d 447; *Matter of Burke*, 82 AD2d 260). Applying that standard, the plaintiffs established that the defendants' male German Shepherd was trained to protect the defendants in response to the command "watch him" by grabbing the arm of a person posing a threat to the defendants. The defendants conceded that their dog bit Mrs. Becker on the hand and arm three times. The attack occurred while Mrs. Becker, with the help of Mrs. Pryschlak, was attempting to mate the defendants' two German Shepherds. Mrs. Becker testified that Mrs. Pryschlak said

* Admitted to practice by the Appellate Division of the Supreme Court, First Judicial Department, on April 3, 1939.

"watch it" immediately prior to the attack. The jury rationally could have concluded that the defendants' dog, in view of its training, responded to the words "watch it" by biting Mrs. Becker. Therefore, the trial court should have denied defendants' motion (see *Matter of Burke, supra; Prince v City of New York*, 21 AD2d 668). Mollen, P. J., Titone and Rubin, JJ., concur; Weinstein, J., dissents and votes to affirm the judgment.