■ LUIS SANTIAGO et al., Appellants, v STEINWAY TRUCKING, INC., Respondent, et al., Defendants. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jordan, J.), entered January 28, 1983, which dismissed their complaint as against defendant Steinway Trucking, Inc., at the close of plaintiffs' case. Judgment reversed, on the law, and new trial granted as against defendant Steinway Trucking, Inc., with costs to abide the event. In reviewing the dismissal of plaintiffs' complaint at the close of their case, this court is required (as was the trial court) to view the evidence adduced in the light most favorable to plaintiffs, and all questions as to a particular witness'

credibility must be resolved in plaintiffs' favor (*Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755; see *Lipsius v White,* 91 AD2d 271, 276). Plaintiffs are entitled to the benefit of all inferences which can reasonably be drawn from the evidence (*Becker v Pryschlak,* 94 AD2d 753; *Carter v Castle Elec. Contr. Co.,* 26 AD2d 83). The applicable criterion is not the weighing of the proof, but rather, the trial court must determine whether, upon any rational basis, the triers of fact could find in plaintiffs' favor (*Calvaruso v Our Lady of Peace R. C. Church, supra;* 4 Weinstein-Korn-Miller, NY Civ Prac, par 4401.05; Siegel, NY Prac, § 402, p 529). In the case at bar, it was established by way of the testimony of plaintiff Luis Santiago, the front seat passenger in a laundry van, that on a morning that was "a little dark" and cloudy, when other vehicles including the laundry van had their lights on, defendant Steinway's 18-tire flat-bed truck was parked in the right lane on the downward portion on an elevated highway without lights or other precautionary signals to alert approaching motorists. At the time of the incident, the laundry van was traveling in the right lane of the highway, directly behind a large high-bodied truck which had its lights on. At a time when the laundry van had reached the top of the upward portion of the elevated highway and the high-bodied truck was 50 to 75 feet ahead, the latter vehicle suddenly veered to the left, thus permitting the previously hidden Steinway flat-bed truck to come into the plaintiff passenger's view. The witness had trouble seeing the Steinway truck because it had no lights. It was then about 50 feet from the laundry van. The van driver's attempt to veer to the lane to his left was thwarted by the traffic in that lane. He attempted to stop the van but it collided with the rear of the Steinway truck, thereby occasioning the passenger plaintiff's injuries. (The driver of the laundry van died of unrelated causes prior to trial.) Upon these facts, we conclude that the members of the jury, as the triers of fact in this case, could rationally have determined that upon the veering of the large high-bodied truck to the left, the plaintiff passenger, being seated in the right front seat of the laundry van, was able to see the Steinway truck earlier in time and from a more distant point than the van's driver. Further, they could have rationally concluded that because the unlit parked Steinway vehicle was not guarded by other precautionary highway signals and because of the traffic flow in the next lane to the left, the driver of the van could not timely avoid the obstacle in his path. Accordingly, it cannot be said that as a matter of law, defendant Steinway sustained its burden of establishing that plaintiffs failed to make out a prima facie case (*Nicholas v Reason,* 84 AD2d 915; see *Becker v Pryschlak, supra*). Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.