■ MERCEDES McCLOUD, Appellant, v VINCENT MARCANTONIO et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Kelly, J.), entered May 20, 1983, dismissing the complaint on the merits upon granting the motions of the defendants made pursuant to CPLR 4401 at the close of plaintiff's case and renewed at the close of all the evidence.

Judgment affirmed, with one bill of costs payable by appellants appearing separately and filing separate briefs.

The instant action arises out of a three-vehicle accident which occurred on the morning on June 2, 1981, on rain-slicked Fifth Avenue in Bayshore in the vicinity of the crest of the overpass at Sunrise Highway. Plaintiff's Chevette, traveling northbound on Fifth Avenue, and a tractor trailer, owned by defendant Marcantonio, which was traveling southbound on Fifth Avenue, collided head-on causing plaintiff's vehicle to spin full circle, after which it spun over to the northbound curb lane, where it was struck by a passenger vehicle owned by defendant Lillian Eckert and operated by defendant Martin Eckert. The only evidence as to how the accident happened came from testimony of the defendants Marcantonio and Mr. Eckert. Plaintiff testified that she could not remember anything about the events leading up to the accident or about the accident itself.

Marcantonio testified that he was driving a 45-foot-long, eight-foot-wide tractor trailer southbound on Fifth Avenue in the left lane, at a speed of about 20 to 25 miles per hour. It was raining moderately and Fifth Avenue was deserted. As he started up the incline leading to the overpass, he saw plaintiff's car traveling northbound in the left lane at a speed of approximately 25 to 30 miles per hour, coming over the crest of the overpass. Within seconds, the rear end of plaintiff's car began to slide to the east. Marcantonio, who was approximately 25 to 30 feet away from plaintiff's car, took his foot off the accelerator and turned the tractor trailer to the west. The front end of plaintiff's car crossed over into his lane of traffic, however, striking the left front bumper of the tractor trailer. Plaintiff's car then spun counterclockwise, hit the last tandem wheel of the tractor trailer, and spun again. Marcantonio did not see the collision between plaintiff's and the Eckert vehicles.

Mr. Eckert testified that he was traveling northbound behind plaintiff's vehicle but in the curb lane, at a speed of approximately 20 to 25 miles per hour. He saw from out of the corner of the eye plaintiff's car and the tractor trailer collide, but he did not know in which lane the collision occurred. Immediately prior to the collision, both Marcantonio and plaintiff were proceeding in their proper lanes of travel. A second or two after colliding with the tractor trailer, plaintiff's vehicle spun across Fifth Avenue and into Mr. Eckert's lane. Mr. Eckert applied his brakes but traversed the 50 to 60 feet which separated his car from that of the plaintiff and hit the Chevette broadside. Plaintiff, who apparently was propelled through the rear window of her hatchback, was found lying in the northbound curb lane behind her car, which was facing south. No evidence was presented as to when she was thrown from her car.

In reviewing the dismissal of the plaintiff's complaint pursuant to CPLR 4401, an appellate court is required (as was the trial court) to view the evidence in the light most favorable to the plaintiff, who is entitled to the benefit of all inferences which may reasonably be drawn therefrom (*Santiago v Steinway Trucking,* 97 AD2d 753; *Calvaruso v Our Lady of Peace R.C. Church,* 36 AD2d 755). The court's function is not to weigh the evidence, but rather to determine whether any rational basis exists for the jury to find in the plaintiff's favor (*Blum v Fresh Grown Preserve Corp.,* 292 NY 241; *Lipsius v White,* 91 AD2d 271; *Le May v Frankel,* 80 AD2d 665; *Santiago v Steinway Trucking, supra; Calvaruso v Our Lady of Peace R.C. Church, supra*).

Trial Term properly dismissed the complaint because there was no rational process by which the jury could have rendered a verdict in plaintiff's favor as against any of the defendants. There were no facts from which the jury could reasonably have inferred that Marcantonio's tractor trailer crossed over into the plaintiff's lane of traffic, nor was there any other evidence of negligence on his part. Moreover, although the evidence raised an issue of fact as to whether Mr. Eckert was traveling at a speed greater than that which he claimed at the time that his vehicle collided with that of plaintiff, there was no evidence that his conduct was a proximate cause of the accident. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.