■ HARRY LESLIE, Respondent, v JACK SOMMERS et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. WESTINGHOUSE ELEVATOR COMPANY, Third-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, etc., (1) the third-party defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Durante, J.), dated July 29, 1985, as, upon the court's granting of the plaintiff's motion for judgment during trial against the defendants third-party plaintiffs on the issue of liability and the defendants third-party plaintiffs' motion for judgment during trial against the third-party defendant on the issue of liability, and upon a jury verdict on the issue of damages, is in favor of the defendants

third-party plaintiffs and against it in the principal sum of $60,000, and (2) the defendants third-party plaintiffs appeal, as limited by their brief, from so much of the same judgment as is in favor of the plaintiff and against them in the principal sum of $60,000.

Judgment reversed, on the law, without costs or disbursements, the plaintiff's motion for judgment during trial against the defendants third-party plaintiffs on the issue of liability denied and a new trial granted, limited to the issue of liability on the plaintiff's complaint against the defendants third-party plaintiffs.

The issues raised on this appeal and cross appeal are limited by the briefs to the propriety of the trial court's granting of the plaintiff's motion for judgment during trial (see, CPLR 4401) against the defendants third-party plaintiffs on the issue of liability. The parties do not challenge either the trial court's disposition of the defendant third-party plaintiffs' motion or the award of damages, except insofar as liability was apportioned in reliance on the granting of the plaintiff's motion. Having so defined the issues raised for our review, we find that the trial court erred in granting the plaintiff's motion for judgment during trial. Viewed in the light most favorable to the nonmoving party, as we must, the testimony and other evidence adduced at the trial presented questions of fact on the issues of the negligence of the defendants third-party plaintiffs and the plaintiff's contributory negligence which should have been submitted to the jury for resolution (see, McCloud v Marcantonio, 106 AD2d 493). We, therefore, grant a new trial in order that a jury may determine the issue of liability on the plaintiff's complaint against the defendants third-party plaintiffs. In the event that judgment is rendered in favor of the plaintiff at the new trial, the award calculated by the jury in the damages phase of the previous trial should be utilized as a proper measure of damages, to which any apportionment of fault determined by the jury at the new trial should be applied (see, CPLR art 14-A), and the judgment in favor of the defendants third-party plaintiffs against the third-party defendant should be reinstated accordingly. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.