■ In the Matter of the Estate of THOMAS R. LAMONICA, Deceased. DIANE LAMONICA, Appellant; ELLEN KELLER, Respondent. [606 NYS2d 38] —In a contested probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated July 9, 1991, which, upon

granting the proponent's motion pursuant to SCPA 503, made at the close of the evidence, to withdraw the issue of undue influence from the jury and for judgment thereon as a matter of law, dismissed the objections, admitted the decedent's will to probate, and directed the objectant to pay $1,210 in costs.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

Viewing the evidence adduced at the trial in a light most favorable to the objectant (see, McCloud v Marcantonio, 106 AD2d 493, 495), we agree with the Surrogate that she failed to establish a prima facie case of undue influence, thereby warranting withdrawal of that issue from the triers-of-fact (see, SCPA 503 [1]). There was no evidence, either direct or circumstantial, from which a jury might reasonably have found that the proponent and sole beneficiary under the will had exercised undue influence on the decedent in order to effect the making of the will in her favor (see, Matter of Kumstar, 66 NY2d 691, 693; Matter of Fiumara, 47 NY2d 845, 846). Rather, all the relevant evidence pointed to the fact that the decedent, as a widower, had become estranged from his daughter, the objectant herein, and was romantically involved with the proponent. A desire to disinherit his daughter and to leave all his property to the proponent is consistent with these factors. Indeed, we note that the decedent had expressed such a desire to certain witnesses who testified at the trial. We therefore conclude that the record was insufficient, as a matter of law, to present a question of fact for the jury. The evidence is in no way inconsistent with the conclusion that the will expresses the voluntary intent of the testator, and does not satisfy the test that intervention and undue influence must be established by evidence that cannot reasonably support a contrary hypothesis (see, Matter of Walther, 6 NY2d 49, 54-56).

We have examined the objectant's remaining contention and find it to be without merit (see, SCPA 2301 [1], [2]; 2302 [3] [a]). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.