■ In the Matter of the Estate of SAM CASTAGNELLO, Also Known as SALVATORE CASTAGNELLO, Deceased. ROBERT CANOVA, Appellant; MARSHALL STEINMAN et al., Respondents. [658 NYS2d 848] —Decree, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about March 28, 1996, which, upon a directed verdict after a jury trial, admitted to probate the last will and testament of the deceased, unanimously affirmed, with costs.

There was no evidence that the testator would have changed his will if he knew of the objectant's whereabouts. Fairly read, the will indicates that the reason for the objectant's disinheritance was the lack of contact between the testator and the objectant for more than 20 years prior to the execution of the subject will in 1985 (*see, Matter of Lamonica*, 199 AD2d 503; *Matter of Land*, 204 AD2d 64). Indeed, the testator never made any inquiries concerning the objectant's whereabouts. In addition, the claim that the drafter's fraudulent intent is inferable from his self-interest in maintaining a business account controlled by the objectant's deceased brother is so speculative as to constitute no evidence of fraud at all (*see, Blum v Fresh Grown Preserve Corp.*, 292 NY 241, 245-246). Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Andrias, JJ.