■ CHRISTIAN P. BENEFIELD, Respondent, v HALMAR CORPORATION, Defendant and Third-Party Plaintiff-Appellant. SUSSEX COUNTY ERECTORS, INC., Third-Party Defendant-Respondent. [695 NYS2d 394] —In an action to recover damages for personal injuries, the defendant third-party plaintiff, Halmar Corporation appeals from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated August 12, 1998, as (1) denied that branch of its motion which was for summary judgment dismissing the plaintiff's causes of action based on common-law negligence and Labor Law § 200, (2) denied that branch of its motion which was for summary judgment on the issue of indemnification, and (3) granted the plaintiff's cross motion for summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the plaintiff's causes of action based on common-law negligence and Labor Law § 200 and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof granting the plaintiff's cross motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1) and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that where the alleged defect or dangerous condition arises from a subcontractor's own methods in performing the work, no liability attaches to the general contractor either under the common law or under Labor Law § 200 (*see, Lombardi v Stout,* 80 NY2d 290). The accident here was caused by the manner in which the plaintiff was instructed to perform his work by the subcontractor, his employer. Accordingly, the causes of action based on common-law negligence and Labor Law § 200 should have been dismissed.

The plaintiff further failed to establish that, as a matter of law, the defendant violated Labor Law § 240 (1). Where a plaintiff is injured in a fall from a ladder, which is not otherwise shown to be defective, the issue of whether the ladder provided the plaintiff with the proper protection required under this statute is a question of fact for the jury (*see, Rice v PCM Dev. Agency Co.,* 230 AD2d 898; *Romano v Hotel Carlyle Owners Corp.,* 226 AD2d 441). Therefore, the Supreme Court should have denied the plaintiff's motion for summary judgment on his cause of action under Labor Law § 240 (1).

The defendant's remaining contention is without merit. Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.