■ PETER BERGDOLL, Plaintiff, and ROMAN LUKASIEWICZ, Respondent, v JERRY PEREZ et al., Appellants, et al., Defendants. [722 NYS2d 588] —In an action to recover damages for personal injuries, the defendants Jerry Perez and Carlos Santiago appeal from a judgment of the Supreme Court, Queens County (Dye, J.), entered December 29, 1999, which, upon a jury verdict, is in favor of the plaintiff Roman Lukasiewicz and against them in the principal amount of $70,000.

Ordered that the judgment is affirmed, with costs.

The trial court properly refused to grant the appellants' motion pursuant to CPLR 4401 for judgment as a matter of law, made at the conclusion of all the evidence, since, as the record establishes, there was a rational process by which the jury could find for the injured plaintiff (*see, McCloud v Marcantonio*, 106 AD2d 493; *Lipsius v White*, 91 AD2d 271; *LeMay v Frankel*,

80 AD2d 665; *Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755; *Prince v City of New York,* 21 AD2d 668). The appellants may not challenge the court's determination of their motion pursuant to CPLR 4401 by weighing the evidence supporting the jury's actual verdict (*see, Santiago v Steinway Trucking,* 97 AD2d 753).

When the jury returned its verdict in favor of the injured plaintiff, the appellants did not move pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence. In any event, the jury's finding that the injured plaintiff had suffered a significant limitation in the use of his left shoulder (*see,* Insurance Law § 5102 [d]) is supported by the weight of the unopposed evidence, including the testimony of the injured plaintiff's examining orthopedist, Dr. Howard Balensweig, as well as by objective proof in the form of X-rays which Dr. Balensweig interpreted during his testimony (*cf., Grossman v Wright,* 268 AD2d 79; *Carroll v Jennings,* 264 AD2d 494; *Kauderer v Penta,* 261 AD2d 365).

The appellants' remaining contentions are either without merit or do not warrant reversal. Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.