■ CHRISTIAN P. BENEFIELD, Respondent, v HALMAR CORPORATION, Defendant and Third-Party Plaintiff-Respondent-Appellant. SUSSEX COUNTY ERECTORS, INC., Third-Party Defendant-Appellant-Respondent. [808 NYS2d 419]—

In an action to recover damages for personal injuries, the third-party defendant, Sussex County Erectors, Inc., appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), entered January 8, 2004, which, upon a jury verdict in favor of the plaintiff and against the defendant third-party plaintiff Halmar Corporation, inter alia, finding that the plaintiff sustained damages in the principal sums of $15,000,000 for past pain and suffering, $15,000,000 for future pain and suffering, $2,500,000 for future medical expenses, $2,500,000 for future rehabilitation, and $10,000,000 for future lost wages, and upon so much of an order of the same court dated April 11, 2002, as granted that branch of its motion pursuant to CPLR 4404 which was to set aside the verdict on the issue of damages only to the extent of granting a new trial unless the plaintiff stipulated to reduce the verdict as to past pain and suffering to the sum of $2,000,000, as to future pain and suffering to the sum of $5,000,000, as to future medical expenses to the sum of $500,000, as to future rehabilitation expenses to the sum of $500,000, and as to future lost wages to the sum of $4,800,000, and the plaintiff having so stipulated, is in favor of the plaintiff and against the defendant third-party plaintiff Halmar Corporation and is in favor of the defendant third-party plaintiff and against it, and the defendant third-party plaintiff Halmar Corporation cross-appeals, as limited by its brief, from stated portions of the same judgment.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding damages for past pain and suffering, future pain and suffering, future medical expenses, future rehabilitation, and future lost wages, and a new trial is granted on damages for those categories only unless, within 30 days after service upon him of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Orange County, a written stipulation consenting to further reduce the verdict as to damages for past pain and suffering from the sum of $2,000,000 to the sum of $1,000,000, for future pain and suffering from the sum of $5,000,000 to the sum of $2,250,000, for future medical expenses from the sum of $500,000 to the sum of $200,000, for future rehabilitation expenses from the sum of $500,000 to the sum of $200,000, and for future lost wages from the sum of $4,800,000 to the sum of $3,200,000 and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the cross appeal by the defendant third-party plaintiff Halmar Corporation is dismissed as academic, without costs or disbursements.

On October 12, 1992, the plaintiff, then a 23-year-old ironworker, was injured when he fell approximately 25 feet from an extension ladder while performing work as part of a construction project. The defendant third-party plaintiff, Halmar Corporation (hereinafter Halmar), was the general contractor for the project. Halmar contracted with the third-party defendant, Sussex County Erectors, Inc. (hereinafter Sussex), the plaintiff's employer, to furnish and erect structural steel and install bearings as needed for the project. Their contract contained a provision requiring Sussex to indemnify Halmar for losses or casualties incurred in connection with the performance of the contract.

During the liability phase of the trial, the Supreme Court precluded Sussex from offering evidence of Halmar's alleged negligence based on this Court's determination in a prior appeal that Halmar had not committed any negligent acts causally connected to the plaintiff's injuries (*see Benefield v Halmar Corp.*, 264 AD2d 794 [1999]). The jury rendered a verdict in favor of the plaintiff on the issue of liability, and found that the work he was performing when he was injured was within the scope of the contract. In light of the jury finding and the absence of negligence on the part of Halmar, the indemnification provision of the contract was triggered. The trial court then excluded Halmar from participating in the damages phase of the trial, reasoning that any judgment against it would be satisfied by Sussex.

The Supreme Court properly precluded the admission of evidence pertaining to Halmar's alleged negligence in light of this Court's previous decision and order (*see Benefield v Halmar Corp., supra*). Thus, contrary to Sussex' contention, the judgment properly required it to indemnify Halmar.

The damages awarded the plaintiff for past and future pain and suffering are excessive to the extent indicated as they deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Vasquez v Skyline Constr. & Restoration Corp.*, 8 AD3d 473 [2004]; *Lind v City of New York*, 270 AD2d 315 [2000]; *Baumgarten v Slavin*, 255 AD2d 538 [1998]). The damages awarded for future medical expenses and rehabilitation, to the extent they are supported by the record, are similarly excessive to the extent indicated (*see Diaz v Parsons Props.*, 309 AD2d 892 [2003]; *Placakis v City of New York*, 289 AD2d 551 [2001]; *Sanvenero v Cleary*, 225 AD2d 755 [1996]), as

is the award for future lost earnings, as it does not take into account the physical nature of the work, the likelihood of injury, and the cyclical fluctuations in the construction industry (*see Klos v New York City Tr. Auth.*, 240 AD2d 635, 638 [1997]; *Cole v Long Is. Light. Co.*, 24 Misc 2d 221, 229 [1959]).

On its appeal, Halmar seeks a new trial on the issue of damages based on its exclusion from the damages phase of the trial (*see Ross v Manhattan Chelsea Assoc.*, 194 AD2d 332, 334 [1993]; *Schulman v Consolidated Edison Co. of N.Y.*, 85 AD2d 186 [1982]; *Phillips v Chevrolet Tonawanda Div. of General Motors Corp.*, 43 AD2d 891 [1974]), but only if the portion of the judgment requiring Sussex to indemnify Halmar were not upheld. In light of our determination, this issue is academic. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.