Eva Lynch et al., Respondents, v City of New York et al., Appellants, et al., Defendants. [833 NYS2d 141]—

In an action to recover damages for personal injuries, the defendants City of New York and Anthony Pagnotta appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated July 13, 2005, which, upon a jury verdict and upon the denial of their motions pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence and pursuant to CPLR 4404 to set aside the verdict as legally insufficient or as against the weight of the evidence, is in favor of the plaintiff Eva Lynch and against them in the principal sum of $600,000 ($100,000 for past pain and suffering and $500,000 for future pain and suffering), in favor of the plaintiff Carolyn Corley and against them in the principal sum of $150,000, and in favor of the plaintiff Dalrymple Prince and against them in the principal sum of $350,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff Eva Lynch damages for future pain and suffer-

ing, and a new trial is granted on the issue of damages for the future pain and suffering of the plaintiff Eva Lynch unless, within thirty (30) days after service upon her of a copy of this decision and order, the plaintiff Eva Lynch serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reducing the verdict as to damages for her future pain and suffering from the sum of $500,000 to the sum of $150,000 and to the entry of an appropriate amended judgment in her favor; in the event that the plaintiff Eva Lynch so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiffs were passengers on a bus owned by the defendant New York City Transit Authority (hereinafter the Transit Authority) and operated by the defendant Carmelita Campbell when the bus was struck by a police van owned by the defendant City of New York and operated by the defendant Anthony Pagnotta, a New York City Police Officer, at the intersection of Gates and Bedford Avenues in Brooklyn. At the close of the evidence, the appellants moved for judgment as a matter of law pursuant to CPLR 4401. The motion was denied. Upon the completion of the trial, the jury found that Pagnotta had acted in "reckless disregard" for the safety of others and accordingly determined, in effect, that the appellants were 100% at fault in the happening of the accident. The jury further found that the plaintiff Eva Lynch sustained a significant limitation of use of a body function or system and a permanent consequential limitation of use of a body organ or member, that the plaintiff Carolyn Corley sustained a permanent consequential limitation of use of a body organ or member, and that the plaintiff Dalrymple Prince sustained both a significant limitation of use of a body function or system and a permanent consequential limitation of use of a body organ or member.

The appellants thereafter moved pursuant to CPLR 4404 to set aside the verdict as legally insufficient on the ground that the plaintiffs and the Transit Authority failed to establish a prima facie case of recklessness and that each plaintiff failed to establish that he or she had sustained a serious injury as a matter of law, or, to set aside the verdict as against the weight of the evidence.

The trial court properly denied the appellants' motion pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence, since, as the record establishes, there was a rational process by which the jury could find for the plaintiffs (*see Bergdoll v Perez*, 282 AD2d 419 [2001]; *McCloud v Marcantonio*,

106 AD2d 493 [1984]). The appellants may not challenge the trial court's determination of their motion pursuant to CPLR 4401 by asking this Court to weigh the evidence (*see Bergdoll v Perez,* 282 AD2d 419 [2001]; *Santiago v Steinway Trucking,* 97 AD2d 753 [1983]).

Contrary to the appellants' contention, the evidence was legally sufficient to support the jury's determination that each of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Manzano v O'Neil,* 98 NY2d 345, 353 [2002]).

Pagnotta acknowledged at trial that he had increased his speed as he approached the subject intersection and that, although his view was partially obstructed, he proceeded into the subject intersection without stopping or activating his siren. In addition, there was a disputed issue of fact as to whether Pagnotta had activated the van's turret lights. Under these circumstances, the evidence was legally sufficient to support the jury verdict that Pagnotta acted in reckless disregard for the safety of others. Moreover, the verdict was not against the weight of the evidence (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Badalamenti v City of New York,* 30 AD3d 452 [2006]).

The damages awarded Lynch for future pain and suffering are excessive to the extent indicated, as they deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Benefield v Halmar Corp.,* 25 AD3d 633 [2006]; *Vasquez v Skyline Constr. & Restoration Corp.,* 8 AD3d 473 [2004]; *Lino v City of New York,* 270 AD2d 315 [2000]).

Additionally, the verdict in favor of the plaintiffs was not against the weight of the evidence. It cannot be said that the evidence so preponderated in favor of appellants that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets, supra; Torres v Esaian,* 5 AD3d 670, 671 [2004]; CPLR 4404 [a]). Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.