**Gabriel v Top 8 Constr. Corp.**

2024 NY Slip Op 33655(U)

October 1, 2024

Supreme Court, Kings County

Docket Number: Index No. 520336/20

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 83 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the ⎯⎯ 1ST day of October , 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS
--------------------------------------------------------------------X
MICHAEL ADEL AZMY GABRIEL,

                          Plaintiff,

       -against-

TOP 8 CONSTRUCTION CORP., TWO FULTON
SQUARE LLC, FULTON SCG DEVELOPMENT
LLC, TWO FULTON SQUARE 2 LLC, FULTON
SCG DEVELOPMENT PHASE II LLC, and
TANGRAM HOUSE WEST CONDOMINIUM,

                          Defendants.
-------------------------------------------------------------------X
TOP 8 CONSTRUCTION CORP., TWO FULTON
SQUARE LLC, FULTON SCG DEVELOPMENT
LLC, TWO FULTON SQUARE 2 LLC, FULTON
SCG DEVELOPMENT PHASE II LLC, and
TANGRAM HOUSE WEST CONDOMINIUM,

                    Third-Party Plaintiffs,

       -against-

NEST WIRELESS GLOBAL LLC, d/b/a NEST
WIRELESS GLOBAL INC., and MATIA
ELECTRICAL CORP.,

                    Third-Party Defendants.
------------------------------------------------------------------X

Index No. 520336/20

**DECISION AND ORDER**

Mot. Seq. No. 2

| The following e-filed papers read herein: | NYSCEF Doc Nos.: |
|---|---|
| Notice of Motion and Affidavits (Affirmations) Annexed___ | 69-80 |
| Opposing Affidavits (Affirmations)_____ | 100, 104-105 |
| Affidavits/Affirmations in Reply_____ | 108-112; 113-120 |
| Compliance Conference Part Order, dated March 7, 2024___ | 121 |

Upon the foregoing papers and prior to the completion of discovery in this action to recover damages for personal injuries, plaintiff Michael Adel Azmy Gabriel (plaintiff) moves (mot. seq. no. two) for an order, pursuant to CPLR 3212, granting him partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim as against defendants/third-party plaintiff Top 8 Construction Corp. (Top 8), as well as against defendants/third-party plaintiffs Two Fulton Square LLC, Fulton SCG Development LLC, Two Fulton Square 2 LLC, Fulton SCG Development Phase II LLC, and Tangram House West Condominium (collectively, the Fulton defendants, and together with Top 8, defendants).

1

[* 1]

In this action sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6), plaintiff alleges that, on October 15, 2020, at approximately 11:30 a.m., he fell off a six-foot A-frame ladder while running electrical cables through a framed open ceiling inside the premises under construction in Flushing, New York. At the time of the accident, the Fulton defendants owned the premises under construction. Top 8 acted as the general contractor for the construction project. Third-party defendant Matia Electrical Corp. (Matia) employed plaintiff as an electrician/helper. After defendants joined issue, they impleaded Matia, as well as Nest Wireless Global LLC, d/b/a Nest Wireless Global Inc. (Nest). Subsequently, plaintiff asserted direct claims against Nest.

Plaintiff was deposed by defendants in two sessions in September 2022. After plaintiff served his second supplemental verified bill of particulars, defendants deposed plaintiff once again in March 2023. Thereafter, on May 10, 2023, plaintiff served his third supplemental bill of particulars.

On October 6, 2023, plaintiff served the instant motion for partial summary judgment. At the time plaintiff filed the motion, defendants had conducted the pretrial deposition of plaintiff, but Matia and Nest had not. On February 7, 2024, while the present motion was pending, plaintiff moved (in motion seq. no. three) for an order extending the note of issue/certificate of readiness filing deadline. By short-form order dated March 7, 2024, the Court ([Ruchelsman, J.]) extended the note of issue/certificate of readiness deadline to April 4, 2025 and set forth dates for completing outstanding discovery, including the further deposition of plaintiff by third party defendants, depositions of defendants and third party defendants, and the IME of plaintiff (NYSCEF Doc. No. 121).

Plaintiff testified at his pretrial deposition that he had been working on the eighth floor of the premises in the morning on the date of the accident. He stated that his foreman, named Emilio (formally known as Luis Emilio Veras), gave him instructions and directed him to work on the eighth floor by himself and pointed out the area of a particular room (the work room) in which he was to install wiring for the electrical panels in the framed open ceiling (Plaintiff's tr. at 52, 66-69, 78). Plaintiff testified that when he arrived at the work room, there was a pallet on the floor with materials on it, with additional materials and boxes "scattered everywhere. It was very messy" (Plaintiff's tr. at 87-88, 145). He stated that the materials on the work-room floor were heavy, and that he could not, by himself, move them away to clear the floor (Plaintiff's tr. at 153-154). Plaintiff claimed that he then returned to Emilio to tell him that he needed a ladder to work on (as there was not one available in the work room), and that the construction materials and boxes on the work-room floor made it difficult for him to work there (Plaintiff's tr. at 82-83, 86-87). According to plaintiff, Emilio pointed to a nearby six-foot A-frame ladder for him to take up to the work room (Plaintiff's tr. at 83-84). Plaintiff testified that, before the accident, he had inspected the ladder, and that it appeared to have been in good working order without any damage or defects (Plaintiff's tr. at 85).

[* 2]

Plaintiff testified that upon his return to the work room, he opened the legs of the A-frame ladder, placed all four feet of the ladder on the floor, and locked the braces in place before climbing up the ladder (Plaintiff's tr. at 85 and 96-97). Plaintiff stated that he needed to ascend two to three steps to reach the ceiling to run the wires through the ceiling (Plaintiff's tr. at 97). After finishing work at a section of the ceiling, plaintiff descended the ladder, moved it one or two steps, climbed up again and worked on another section of the ceiling (Plaintiff's tr. at 99-100). After finishing working at the second section of the ceiling, plaintiff descended the ladder and moved it approximately two to four feet, with all four feet of the ladder still placed on the cement floor (Plaintiff's tr. at 101-103, 112-113, 137, 155). He testified that, in moving the ladder for the second time, he was trying to reach as far as away as possible from the portion of the floor where the construction materials were stored (Plaintiff's tr. at 103). Shortly before the accident occurred, plaintiff was ascending the ladder on the third or fourth step (Plaintiff's tr. at 104). As he took another step up the ladder (Plaintiff's tr. at 105-106), plaintiff extended both of his hands to reach "that furthest point" in the ceiling (Plaintiff's tr. at 103). As he did so, plaintiff suddenly "found [that] the ladder was shaky, and [he] fell off the ladder" (Plaintiff's tr. at 103 and 105-106, 108). According to plaintiff, he had to use both hands to run the wire, so he could not hold onto the ladder as he worked (Plaintiff's tr. at 107-108). Plaintiff testified that, at the exact moment of his accident, the ladder leaned to his left, he felt himself losing his balance, and both he and the ladder fell down (he, to his right side; and the ladder to his left side) (Plaintiff's tr. at 158-159, 171-172). After the accident, plaintiff telephoned Emilio on his cell phone, asked him to come to the work room, and took post-accident photographs of the room (Plaintiff's tr. at 178-179, 182-183).

"Summary judgment is a drastic remedy that deprives a litigant of their day in court, and it should only be employed when there is no doubt as to the absence of triable issues" (*Kolivas v Kirchoff*, 14 AD3d 493, 493 [2d Dept 2005] [internal quotation marks omitted]). A party moving for summary judgment is required to make a prima facie showing of entitlement to judgment as a matter of law and tender sufficient evidence to demonstrate the absence of any material issues of fact (*see* CPLR § 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to make this prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez*, 68 NY2d at 324). If a movant meets the initial burden, the burden shifts to the opposing party to produce evidence to establish the existence of material issues of fact requiring a trial for resolution (*see* CPLR § 3212 [b]; *Alvarez*, 68 NY2d at 324). "On a motion for summary judgment, the party opposing the relief is entitled to the benefit of every favorable inference that may be drawn from the pleadings, affidavits, and competing contentions of the parties" (*Nicklas v Tedlen Realty Corp.*, 305 AD2d 385, 386 [2d Dept 2003]).

To establish liability pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that the statute was violated and that such violation proximately caused his or her injuries (*see Garcia v Emerick Gross*

3

[* 3]

*Real Estate, L.P.*, 196 AD3d 676, 677 [2d Dept 2021]). "The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish a violation of the statute; however, a plaintiff may establish prima facie entitlement to judgment as a matter of law by showing both that he or she fell from a defective or unsecured ladder, and that the defect or failure to secure the ladder was a proximate cause of his or her injuries" (*Alvarez v 2455 8 Ave, LLC*, 202 AD3d 724, 725 [2d Dept 2022]). "Where, for instance, the plaintiff falls from a ladder because the plaintiff lost his or her balance, and there is no evidence that the ladder was defective or inadequate, liability pursuant to Labor Law § 240 (1) does not attach" (*Cioffi v Target Corp.*, 188 AD3d 788, 791 [2d Dept 2020]). "By contrast, where a ladder slides, shifts, tips over, or otherwise collapses for no apparent reason, the plaintiff has established a violation" (*id.*; *see Ramirez v Pace Univ.*, 230 AD3d 811, 812 [2d Dept 2024] ["(t)he collapse of a . . . ladder for no apparent reason while a plaintiff is engaged in an activity enumerated under the statute creates a presumption that the ladder . . . did not afford proper protection"]). "Although comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240 (1) (*Lojano v Soiefer Bros. Realty Corp.*, 187 AD3d 1160, 1162 [2d Dept 2020]).

Here, plaintiff's pretrial testimony[1] that the accident occurred when the unsecured A-frame ladder on which he was standing unexpectedly became "shaky" causing him and the ladder to fall, is sufficient to establish, prima facie, his entitlement to summary judgment on the issue of liability on his Labor Law § 240 (1) claim (*see Paiba v 56-11 94th St. Co., LLC*, 228 AD3d 881, 882 [2d Dept 2024]; *Salinas v 64 Jefferson Apts., LLC*, 170 AD3d 1216, 1222 [2d Dept 2019]; *Casasola v State*, 129 AD3d 758, 759 [2d Dept 2015]).

In opposition, however, defendants and Matia have raised triable issues of fact as to: (1) how the accident happened; (2) whether the A-frame ladder at issue was an adequate safety device for plaintiff's work; and (3) whether plaintiff's own conduct was the sole proximate cause of the accident, thus warranting denial of his motion with leave to renew after the completion of discovery and the filing of a note of issue/certificate of readiness (*see Rivas v Purvis Holdings, LLC*, 222 AD3d 676, 677 [2d Dept 2023]; *Heras v Ming Seng & Assoc., LLC*, 203 AD3d 1146, 1147 [2d Dept 2022]). The denial of plaintiff's motion is supported by the affidavit (proffered by Matia), dated November 11, 2020, of plaintiff's foreman Emilio, and is further supported by the expert affidavit, dated February 23, 2024, of Bernard P. Lorenz, P.E. (PE Lorenz), defendants' engineering and construction-safety expert.

According to Emilio's affidavit: (1) plaintiff told Emilio that he had placed one side (or two feet) of the A-frame ladder on the concrete floor, whereas he placed the other side (two feet) on top of a piece of

---

[1] Plaintiff submits a post-deposition affidavit, dated October 4, 2023, in support of his motion (NYSCEF Doc. No. 79), however, the affidavit is redundant and duplicative of plaintiff's deposition testimony.

[* 4]

the ¾-inch thick sheetrock; (2) plaintiff confirmed to Emilio that "the ladder was on unstable platform"; (3) plaintiff further told Emilio that "he was coming [d]own the ladder and because the ladder was off balance, his weight caused it to shift, causing him [t]o lose his balance"; and (4) plaintiff told Emilio that "he attempted to regain his balance on the ladder, but the ladder [t]oppled over, causing him to land on his right side, specifically his right arm" (Emilio's Aff., pages 1-2). Emilio further averred that there were no issues with the ladder that plaintiff was using at the time of the accident and that the ladder was put back into service after the accident (Emilio's Aff., page 2).

Contrary to plaintiff's contention, Emilio's affidavit is admissible. Plaintiff asserts that Emilio was not previously identified as a witness, however, he cites to defendants' discovery responses which specifically identify Emilio as a witness to the events surrounding plaintiff's accident.[2] In addition, plaintiff repeatedly identified Emilio as his foreman in his pretrial testimony (see Yax v Dev. Team, Inc., 67 AD3d 1003, 1004 [2d Dept 2009]). Moreover, plaintiff's reliance on Second Department cases such as Gallo v Health Port, Inc., 62 AD3d 943 [2d Dept 2009], Construction by Singletree, Inc. v Lowe, 55 AD3d 861 [2d Dept 2008], and Shvartsberg v City of New York, 19 AD3d 578 [2d Dept 2005], is unavailing because in each of those cases, unlike the instance here, an affidavit from an undisclosed witness was first proffered after discovery had been complete and a note of issue/certificate of readiness had been filed. Here, significant discovery is outstanding, and the deadline to file a note of issue/certificate of readiness has been extended at plaintiff's request (in motion seq. no. three) to April 4, 2025.

Further, although hearsay evidence, standing alone, is insufficient to defeat a motion for summary judgment (see Feinberg v Sanz, 115 AD3d 705, 707 [2d Dept 2014]), plaintiff's alleged admissions to Emilio are corroborated by Emilio's own observation (as reflected in his affidavit) that one foot of the fallen A-frame ladder was standing on a piece of sheetrock immediately after the accident; and plaintiff's post-accident photographs which also show that one foot of the fallen A-frame ladder was standing on a piece of sheetrock immediately after the accident.[3]

Emilio's affidavit also materially contradicts plaintiff's pretrial testimony as to how the accident happened. According to Emilio, plaintiff stated to him that the ladder fell while plaintiff was descending (or, in Emilio's words, "coming [d]own") the ladder, rather than, as plaintiff testified, while he was standing on the ladder. Where "a plaintiff is the sole witness to the accident and his or her credibility has been placed in issue, the granting of summary judgment on the issue of liability in favor of the plaintiff on a Labor Law

---

[2] See plaintiff's affirmation in reply to Matia's opposition, Ex. 2 at NYSCEF Doc. No. 110; plaintiff's affirmation in reply to defendants' opposition, Ex. D at NYSCEF doc. 119.

[3] Plaintiff testified that he had placed all four feet of the A-frame ladder on the concrete floor of the work room immediately before the accident (Plaintiff's tr. at page 193, line 25 to page 194, line 3 ["When I put the ladder up, I did not put the ladder on top of anything on the floor."]). Plaintiff's post-accident photographs are included in the exhibits e-filed under NYSCEF Doc. No. 78.

[* 5]

§ 240 [1] cause of action is inappropriate" (*Alvarez*, 202 AD3d at 725; *see Woszczyna v BJW Assoc.*, 31 AD3d 754, 755 [2d Dept 2006]; *see also Injai v Circle F 2243 Jackson (DE), LLC*, ___ AD3d ___, 2024 NY Slip Op 04380, *2 [2d Dept, Sept 11, 2024]).

Separately from the foregoing, defendants' engineering and construction-safety expert, PE Lorenz, opined, within a reasonable degree of engineering and construction-safety certainty, that the A-frame ladder at issue was a suitable and appropriate safety device, considering the nature of plaintiff's work, plaintiff's height of 6 feet (Plaintiff's tr. at 129), and the height of the unfinished ceiling through which plaintiff was running the wire at the time of the accident (PE Lorenz's Aff., ¶ 4). PE Lorenz relied on plaintiff's own testimony that the ladder provided to him was not damaged or defective, and that it functioned as intended (PE Lorenz's Aff., ¶ 5). PE Lorenz further noted that plaintiff's post-accident photographs are inconsistent with his testimony that the alleged debris in the work room hindered his ability to place the ladder on a secure surface (PE Lorenz's Aff., ¶ 8). PE Lorenz stated that plaintiff's post-accident photographs of the work-room floor depicted: "(1) a clean work area with a single pallet of materials wrapped in plastic; (2) no items or obstructions on the floor; and (3) a framed ceiling [in the work room] which was completely open and accessible" (PE Lorenz's Aff., ¶ 8). In addition, PE Lorenz referred to the portion of plaintiff's testimony (Plaintiff's tr. at 103-105, 107) where plaintiff stated that he had placed all four feet of the A-frame ladder evenly on the cement floor and that when he "tried to reach that furthest point," "all of a sudden" he found the ladder "shaky . . . and fell off the ladder," without keeping either hand on it for support (PE Lorenz's Aff. ¶ 5). PE Lorenz opined that, if plaintiff's aforementioned description of the accident was accurate, his own actions constituted a "misuse of the non-defective A-frame ladder and [were] the sole cause of his fall" (PE Lorenz Aff. ¶ 6)

"When a plaintiff is injured from a fall from a ladder that is not shown to be defective, the issue of whether the ladder provided proper protection under Labor Law § 240 (1) is a question of fact for the jury" (*Chan v Bed Bath & Beyond*, 284 AD2d 290 [2d Dept 2001]; *see also Taglioni v Harbor Cove Assoc.*, 308 AD2d 441, 442 [2d Dept 2003]; *Benefield v Halmar Corp.*, 264 AD2d 794, 795 [2d Dept 1999]). Three reasons support the Court's conclusion that the issue of whether the A-frame ladder at issue provided plaintiff proper protection under Labor Law § 240 (1) is a question of fact for the jury. First, plaintiff's pretrial testimony indicates that he inspected the ladder and its stability before performing his work, and that the ladder did not fall until (as previously noted) "he tried to reach the furthest" point with no hands holding or placed on the ladder. Second, Emilio's affidavit reflects that the ladder was not defective and was returned for service after the accident. Third and finally, defendants' expert, PE Lorenz, opined that the ladder was a suitable and appropriate safety device for the nature of plaintiff's work.

The parties' remaining contentions have been considered and found to be either without merit or moot in light of the court's determination.

6

[* 6]

Accordingly, it is hereby,

ORDERED that plaintiff's motion (mot. seq. no. two) for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim is denied without prejudice to renew upon the completion of discovery and the filing of a note of issue.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph, J.S.C.

**Hon. Ingrid Joseph
Supreme Court Justice**

7

[* 7]